DELANO LAW OFFICES, P.C., Plaintiffs-Appellants, v. CHOON BONG CHOI, Defendant-Appellee.

Fourth District   No. 4—86—0551

Opinion filed April 2, 1987.

Robert J. McIntyre, of Delano Law Offices, P.C., of Springfield, for appellants.

Graham & Graham, of Springfield (Charles E. Holt, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs appeal the dismissal of counts I and II of their amended

complaint for declaratory judgment. They argue that an actual controversy existed, the parties' rights were not fixed, a determination of their rights could be made, and, therefore, the trial court erred in dismissing the declaratory judgment complaint for failure to state a cause of action. We affirm.

■ The well-pleaded allegations of the amended complaint are taken as true for purposes of review. (*Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, 398 N.E.2d 984.) Delano Law Office, P.C. (Delano), represented Jerry Kline, who was being treated by defendant, Choon Bong Choi, a doctor. Kline authorized Delano to obtain his medical records. Delano requested copies of the medical records, pursuant to section 8—2003 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 8—2003), and received them. Defendant charged Delano $50 for providing two pages of medical records. Delano told defendant that the charge was not reasonable. Defendant refused to adjust the charge, maintaining that it was the policy of the Springfield Clinic to charge a minimum fee of $50 for the production of medical records.

Delano and Kline requested the court to declare that $50 was not a reasonable fee under the statute, determine that a $50 minimum charge in all cases was not in accord with the statute, and award costs.

Defendant moved to dismiss the complaint, and the trial court granted the motion.

■ The purpose of the declaratory judgment statute is to allow the court to address a controversy one step sooner than normal, after a dispute has arisen but prior to any action which gives rise to a claim for damages or other relief. (*Tait v. County of Sangamon* (1985), 138 Ill. App. 3d 169, 485 N.E.2d 558.) A declaration of nonliability for past conduct is not the function of the declaratory judgment statute. (*Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036; *Chicago & Eastern Illinois R. R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433, 425 N.E.2d 429.) The requirement of an actual controversy means that the issues of the case are not moot or premature, so as to require the court to pass judgment on an abstract proposition, render an advisory opinion or give legal advice on future events. *Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036; *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298.

■ A trial court may dismiss a declaratory judgment complaint if plaintiff is not entitled to the relief sought under the facts which he alleged in the complaint. *Denkewalter v. Wolberg* (1980), 82 Ill. App.

3d 569, 402 N.E.2d 885.

In the instant case, the plaintiffs requested medical records and received them. Defendant is entitled to reasonable fees for providing those records and billed the plaintiffs. Plaintiffs asked the court to declare that the charge was not reasonable. In essence, they seek a judgment of nonliability for past conduct. Such relief is not appropriate under the declaratory judgment statute. *Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036; *Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433, 425 N.E.2d 429.

Second, plaintiffs are requesting legal advice on whether they should in fact refuse to pay the charge. Plaintiffs do not allege that defendant has instituted a collection action or proceeding to enforce payment of the charge. Declaratory judgment, if granted, would foreclose defendant's options and is premature. (*Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036.) The court correctly dismissed the declaratory judgment complaint. *Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036; *Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.