R. EUGENE PINCHAM, Plaintiff-Appellant, v. JOSEPH F. CUNNINGHAM *et al.*, in Their Official Capacities as Members of the Illinois Courts Commission, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—93—3252

Opinion filed December 16, 1996.—Rehearing denied January 22, 1997.

---

[1]Justice Braden concurred in the disposition of this appeal before his departure from the court.

Harvey B. Bass, of Chicago, for appellant.

Candace J. Fabri, of Sachnoff & Weaver, Ltd., of Chicago, for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, R. Eugene Pincham, appeals the order of the trial court dismissing his claim for declaratory relief. On appeal, plaintiff contends that the trial court erred in finding that his complaint for declaratory relief presented no controversy that was ripe for adjudication. We affirm.

On January 31, 1987, while a sitting justice of the Illinois Appellate Court, plaintiff gave a speech at the headquarters of Operation PUSH. During this speech, plaintiff made comments related to the upcoming mayoral election involving Harold Washington.

As a justice of the Illinois Appellate Court, plaintiff was bound by the Code of Judicial Conduct. At the time of plaintiff's speech, Illinois Supreme Court Rules 67(A)(2) and (A)(4) provided as follows:

"(2) A judge may not, except when a candidate for office or retention, participate in political campaigns or activities, or make political contributions.

***

(4) A judge should not engage in any other political activity except on behalf of measures to improve the law, the legal system, or the administration of justice." 134 Ill. 2d Rs. 67(A)(2), (A)(4).

On February 23, 1987, plaintiff received a letter from the Judicial Inquiry Board (the Board). The letter notified plaintiff that the Board sought to determine whether there was a reasonable basis to bring charges against plaintiff for certain remarks he made at the Operation PUSH forum.

Plaintiff filed an action in federal court seeking to enjoin the Board from proceeding against him before the Illinois Courts Commission. The district court dismissed plaintiff's claim in *Pincham v. Illinois Judicial Inquiry Board*, 681 F. Supp. 1309 (N.D. Ill. 1988). The Seventh Circuit Court of Appeals affirmed that decision in *Pincham v. Illinois Judicial Inquiry Board*, 872 F.2d 1341 (7th Cir. 1989).

On March 8, 1988, four days after the federal district court decision came down, the Board filed charges before the Illinois Courts Commission alleging that plaintiff violated Rules 67(A)(2) and (A)(4). On August 3, 1989, after the seventh circuit rendered its decision, the Illinois Courts Commission set the case for motions and arguments. After a hearing on August 28, 1989, the Illinois Courts Com-

mission took the case under advisement. Four months later, on December 29, 1989, plaintiff retired from the bench.

On January 28, 1992, the Illinois Courts Commission dismissed the case, stating the following:

> "This Commission has made no decision as to the merits of any aspect of this controversy. The parties are in agreement that Respondent [plaintiff] has resigned from judicial service. Accordingly, we no longer have jurisdiction to proceed \*\*\* we must dismiss the pending complaint but we have no jurisdiction to determine at this time as to whether the complaint can be reinstated.
>
> The complaint against Respondent is dismissed for want of prosecution. The Board's request for a determination as to reinstatement and all other requests for relief by the parties are hereby denied."

In 1993, plaintiff filed this action in the circuit court of Cook County alleging injuries due to the unresolved complaint filed by the Board and seeking a declaration that Rules 67(A)(2) and (A)(4) are unconstitutional. In response, the Board filed a motion to dismiss. After hearing arguments, the trial court granted the Board's motion to dismiss. In September 1993, plaintiff filed this appeal. It was not until August 14, 1996, that this court was in receipt of briefs from both sides.

On appeal, plaintiff contends that the trial court erred in finding that his complaint failed to state a claim appropriate for resolution by declaratory judgment. Under the Illinois declaratory judgment statute, declaratory relief is only permitted where there is an actual controversy. 735 ILCS 5/2—701 (West 1992). As explained by the Illinois Supreme Court, to present an actual controversy, a complaint must show "that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300 (1977). We find that the trial court correctly ruled that plaintiff's case did not present an actual controversy in that it was premature.

The Illinois Supreme Court dealt with the issue of prematurity in *Howlett v. Scott*, 69 Ill. 2d 135, 370 N.E.2d 1036 (1977). In that case, Illinois Attorney General Scott initiated an investigation to determine if certain payments made to Secretary of State Howlett constituted a conflict of interest. The investigator's report concluded that a conflict of interest did exist but recommended that the Attorney General delay action until the Illinois Supreme Court decided

two cases directly related to the report's conclusions. *Howlett*, 69 Ill. 2d at 139-40, 370 N.E.2d at 1037. Two days after the report was released, Howlett filed a complaint for a declaratory judgment that no conflict of interest existed. The Illinois Supreme Court dismissed Howlett's action for declaratory relief. The court held that no actual controversy existed because the action was premature in that Howlett's rights were dependent on the outcome of future events: two cases pending before the court. *Howlett*, 69 Ill. 2d at 142-44, 370 N.E.2d at 1038-39.

Likewise, in the case at bar, the trial court properly concluded that plaintiff's action was premature and therefore not susceptible to declaratory relief. Plaintiff's complaint seeks to adjudicate rights that are dependent on future events. First, plaintiff must become a judge because the challenged rule relates to the conduct of sitting judges. Second, the Board must decide to reinstate its past complaint against plaintiff. Given these factors, plaintiff's complaint does not present an actual controversy ripe for adjudication.

Furthermore, declaratory relief is inappropriate in this case because a declaratory judgment is not available to adjudicate nonliability for past acts. See *Howlett*, 69 Ill. 2d at 143, 310 N.E.2d at 1039; *Eyman v. McDonough District Hospital*, 245 Ill. App. 3d 394, 396, 613 N.E.2d 819, 821 (1993); *Delano Law Offices, P.C. v. Choon Bong Choi*, 154 Ill. App. 3d 172, 173, 506 N.E.2d 723, 724 (1987). As such, declaratory relief is not a proper mechanism for determining whether plaintiff's Operation PUSH speech violated Rule 67. Moreover, because plaintiff's rights are undetermined, in that his complaint seeks resolution of the Board's unresolved complaint, a declaratory judgment would be an advisory opinion and Illinois courts lack the authority to issue advisory opinions. See *Howlett*, 69 Ill. 2d at 143, 370 N.E.2d at 1039.

Lastly, we disagree with plaintiff's contention that this case is governed by *Buckley v. Illinois Judicial Inquiry Board*, 997 F.2d 224 (7th Cir. 1993). That case involved a challenge to an existing supreme court rule regulating the speech of candidates for state judicial office. At the time of the court proceedings, however, the plaintiffs were not candidates for the state judiciary. Nonetheless, the seventh circuit held that the case presented an actual controversy because the challenged rule would affect future elections. *Buckley*, 997 F.2d at 226.

Buckley presents a different set of facts than the case at bar. First, the challenged rule in this case applies to sitting judges, not to candidates. Second, and more importantly, the rule involved here has been revised to allow judges to attend political gatherings and, when a candidate for public election, to publicly endorse or oppose other

784

candidates in a public election in which the judge or judicial candidate is running. 145 Ill. 2d R. 67 (amended August 6, 1993). The outcome to any challenge to the prior rule therefore would not necessarily have any impact on future events or provide guidance as to an interpretation of the new Rule 67.

Moreover, plaintiff has never been found to have violated Rule 67 or any other rule. We would, therefore, as previously stated, be rendering an advisory opinion were we to determine the validity of the former Rule 67. *Howlett*, 69 Ill. 2d at 143, 370 N.E.2d at 1039.

Accordingly, for the reasons set forth herein, the order of the trial court dismissing plaintiff's complaint for declaratory judgment is affirmed.

Affirmed.

McNAMARA and HOURIHANE, JJ., concur.