FIRST DIVISION
 December 16, 1996

No. 1-93-3252

R. EUGENE PINCHAM, ) Appeal from the 
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. ) 
 )
JOSEPH F. CUNNINGHAM, ALLAN L. STROUDER,) 
RODNEY A. SCOTT, FREDERICK S. GREEN, ) 
MONICA D. REYNOLDS, in their official ) 
capacities as members of the ILLINOIS )
COURTS COMMISSION; and WILLIAM S. ) 
CONLON, Chairman, EDWARD G. FINNEGAN, ) 
SHARON GIST GILLIAM, MILTON H. GRAY, ) 
HAROLD L. JENSEN, PATRICK S. MUDRON, ) Honorable 
SANDRA OTAKA, NANCY FAGE, VINCENT ) Mary Jane Theis, 
J. TROSINO and RAY F. BREEN, Executive ) Judge Presiding. 
Director, in their official capacities )
as members of the ILLINOIS JUDICIAL ) 
INQUIRY BOARD, ) 
 ) 
 Defendants-Appellees. ) 
 




 JUSTICE GALLAGHER delivered the opinion of the court:

 Plaintiff, R. Eugene Pincham, appeals the order of the trial
court dismissing his claim for declaratory relief. On appeal,
plaintiff contends that the trial court erred in finding that his
complaint for declaratory relief presented no controversy that
was ripe for adjudication. We affirm.
 On January 31, 1987, while a sitting justice of the Illinois
Appellate Court, plaintiff gave a speech at the headquarters of
Operation PUSH. During this speech, plaintiff made comments
related to the upcoming mayoral election involving Harold
Washington.
 As a justice of the Illinois Appellate Court, plaintiff was
bound by the Code of Judicial Conduct. At the time of
plaintiff's speech, Illinois Supreme Court Rules 67(A)(2) and
(A)(4) provided as follows:
 "(2) A judge may not, except when a candidate
 for office or retention, participate in
 political campaigns or activities, or
 make political contributions.
 * * * 
 (4) A judge should not engage in any other 
 political activity except on behalf of
 measures to improve the law, the legal
 system, or the administration of
 justice." 
 134 Ill. 2d Rs. 67(A)(2),(A)(4).
 
 On February 23, 1987, plaintiff received a letter from the
Judicial Inquiry Board (the Board). The letter notified
plaintiff that the Board sought to determine whether there was a
reasonable basis to bring charges against plaintiff for certain
remarks he made at the Operation PUSH forum.
 Plaintiff filed an action in federal court seeking to enjoin
the Board from proceeding against him before the Illinois Courts
Commission. The district court dismissed plaintiff's claim in
Pincham v. Illinois Judicial Inquiry Board, 681 F. Supp. 1309
(N.D. Ill. 1988). The Seventh Circuit Court of Appeals affirmed
that decision in Pincham v. Illinois Judicial Inquiry Board, 872
F.2d 1341 (7th Cir. 1989).
 On March 8, l988, four days after the federal district court
decision came down, the Board filed charges before the Illinois
Courts Commission alleging that plaintiff violated Rules 67(A)(2)
and (A)(4). On August 3, 1989, after the seventh circuit rendered
its decision, the Illinois Courts Commission set the case for
motions and arguments. After a hearing on August 28, 1989, the
Illinois Courts Commission took the case under advisement. Four
months later, on December 29, 1989, plaintiff retired from the
bench. 
 On January 28, 1992, the Illinois Courts Commission
dismissed the case, stating the following:
 "This Commission has made no decision as to
 the merits of any aspect of this controversy.
 The parties are in agreement that Respondent
 [plaintiff] has resigned from judicial
 service. Accordingly, we no longer have
 jurisdiction to proceed * * * we must dismiss
 the pending complaint but we have no
 jurisdiction to determine at this time as to
 whether the complaint can be reinstated.
 
 The complaint against Respondent is dismissed
 for want of prosecution. The Board's request
 for a determination as to reinstatement and
 all other requests for relief by the parties
 are hereby denied."
 
 In 1993, plaintiff filed this action in the circuit court of
Cook County alleging injuries due to the unresolved complaint
filed by the Board and seeking a declaration that Rules 67(A)(2)
and (A)(4) are unconstitutional. In response, the Board filed a
motion to dismiss. After hearing arguments, the trial court
granted the Board's motion to dismiss. In September 1993,
plaintiff filed this appeal. It was not until August 14, 1996,
that this court was in receipt of briefs from both sides. 
 On appeal, plaintiff contends that the trial court erred in
finding that his complaint failed to state a claim appropriate
for resolution by declaratory judgment. Under the Illinois
declaratory judgment statute, declaratory relief is only
permitted where there is an actual controversy. 735 ILCS 5/2-701
(West 1992). As explained by the Illinois Supreme Court, to
present an actual controversy, a complaint must show "that the
underlying facts and issues of the case are not moot or
premature, so as to require the court to pass judgment on mere
abstract propositions of law, render an advisory opinion, or give
legal advice as to future events." Underground Contractors Ass'n
v. City of Chicago, 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300
(1977). We find that the trial court correctly ruled that
plaintiff's case did not present an actual controversy in that it
was premature. 
 The Illinois Supreme Court dealt with the issue of
prematurity in Howlett v. Scott, 69 Ill. 2d 135, 370 N.E.2d 1036
(1977). In that case, Illinois Attorney General Scott initiated
an investigation to determine if certain payments made to
Secretary of State Howlett constituted a conflict of interest. 
The investigator's report concluded that a conflict of interest
did exist but recommended that the Attorney General delay action
until the Illinois Supreme Court decided two cases directly
related to the report's conclusions. Howlett, 69 Ill. 2d at 139-
40, 370 N.E.2d at 1037. Two days after the report was released,
Howlett filed a complaint for a declaratory judgment that no
conflict of interest existed. The Illinois Supreme Court
dismissed Howlett's action for declaratory relief. The court
held that no actual controversy existed because the action was
premature in that Howlett's rights were dependent on the outcome
of future events: two cases pending before the court. Howlett,
69 Ill. 2d at 142-44, 370 N.E.2d at 1038-39. 
 Likewise, in the case at bar, the trial court properly
concluded that plaintiff's action was premature and therefore not
susceptible to declaratory relief. Plaintiff's complaint seeks
to adjudicate rights that are dependent on future events. First,
plaintiff must become a judge because the challenged rule relates
to the conduct of sitting judges. Second, the Board must decide
to reinstate its past complaint against plaintiff. Given these
factors, plaintiff's complaint does not present an actual
controversy ripe for adjudication.
 Furthermore, declaratory relief is inappropriate in this
case because a declaratory judgment is not available to
adjudicate nonliability for past acts. See Howlett, 69 Ill. 2d
at 143, 310 N.E.2d at 1039; Eyman v. McDonough District Hospital,
245 Ill. App. 3d 394, 396, 613 N.E.2d 819, 821 (1993); Delano Law
Offices, P.C. v. Choon Bong Choi, 154 Ill. App. 3d 172, 173, 506
N.E.2d 723, 724, (1987). As such, declaratory relief is not a
proper mechanism for determining whether plaintiff's Operation
PUSH speech violated Rule 67. Moreover, because plaintiff's
rights are undetermined, in that his complaint seeks resolution
of the Board's unresolved complaint, a declaratory judgment would
be an advisory opinion and Illinois courts lack the authority to
issue advisory opinions. See Howlett, 69 Ill. 2d at 143, 370
N.E.2d at 1039.
 Lastly, we disagree with plaintiff's contention that this
case is governed by Buckley v. Illinois Judicial Inquiry Board,
997 F.2d 224 (7th Cir. 1993). That case involved a challenge to
an existing supreme court rule regulating the speech of
candidates for state judicial office. At the time of the court
proceedings, however, the plaintiffs were not candidates for the
state judiciary. Nonetheless, the seventh circuit held that the
case presented an actual controversy because the challenged rule
would affect future elections. Buckley, 997 F.2d at 226. 
 Buckley presents a different set of facts than the case at
bar. First, the challenged rule in this case applies to sitting
judges, not to candidates. Second and more importantly, the rule
involved here has been revised to allow judges to attend
political gatherings and, when a candidate for public election,
to publicly endorse or oppose other candidates in a public
election in which the judge or judicial candidate is running. 
145 Ill. 2d R. 67 (amended August 6, 1993). The outcome to any
challenge to the prior rule therefore would not necessarily have
any impact on future events or provide guidance as to an
interpretation of the new Rule 67.
 Moreover, plaintiff has never been found to have violated
Rule 67 or any other rule. We would, therefore, as previously
stated, be rendering an advisory opinion were we to determine the
validity of the former Rule 67. Howlett, 69 Ill. 2d at 143, 370
N.E.2d at 1039.
 Accordingly, for the reasons set forth herein, the order of
the trial court dismissing plaintiff's complaint for declaratory
judgment is affirmed.
 Affirmed.
 McNAMARA, and HOURIHANE, JJ., concur.