No. 3‒97‒0292

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

RICHARD J. KAVANAGH, ) Appeal from the Circuit Court

) of the 10th Judicial Circuit

Plaintiff and Counter- ) Will County, Illinois

Defendant-Appellee, and )

Cross-Appellant, )

)

v. ) No. 96‒MR‒13498

)

COUNTY OF WILL, )

)

Defendant and Counter- )

Plaintiff-Appellant, and )

Cross-Appellee, )

)

COUNTY OF WILL, )

)

Plaintiff-Appellant and )

Cross-Appellee, )

)

v. ) No. 96‒MR‒13637

)

HERBOLSHEIMER, LANNON, )

HENSON, DUNCAN, & REAGAN, )

P.C., )

)

Defendant-Appellee and )

Cross-Appellant, )

)

COUNTY OF WILL, )

)

Plaintiff-Appellant and )

Cross-Appellee, )

)

v. ) No. 96‒MR‒13638

)

DUNN, MARTIN & MILLER, LTD., )

)

Defendant-Appellee and )

Cross-Appellant, )

)

COUNTY OF WILL, )

)

Plaintiff-Appellant and )

Cross-Appellee, )

)

v. ) No. 96‒MR‒13639

)

HERSCHBACH, TRACY, JOHNSON, )

BERTANI & WILSON, )

) Honorable

Defendant-Appellee and ) William R. Penn

Cross-Appellant. ) Judge, Presiding.

)

_________________________________________________________________

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Will County enacted an ordinance requiring local lobbyists to satisfy a number of reporting requirements.  After a challenge to the ordinance was filed, the county filed declaratory judgment actions.  The defendants filed motions to strike and dismiss, which the trial court granted.  The county appeals, and the defendants cross-appeal.  We affirm.

FACTS

The Will County Lobbyist Registration Ordinance was adopted in June 1996.  According to the ordinance, lobbyists must file a registration statement and attach: copies of all written contracts with each client; a memorandum of all oral agreements with each client; a statement of the lobbyist's compensation from each client; and a report of "all expenditures made by [the registrant], or by his or her family members or personal business to or for the benefit of a county official, a county employee, any family member of such official or employee, or any political organization."  Lobbyists failing to meet these requirements are subject to fines of $500 and are barred from lobbying in the county for three years.

The defendants in this case are attorney Richard J. Kavanagh, and three law firms, Herschbach, Tracy, Johnson, Bertani & Wilson, Dunn, Martin & Miller, Ltd., and Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C.  All of the defendants filed registration statements as lobbyists in Will County.

Attorney Kavanagh filed a complaint challenging the validity of the ordinance.  Will County filed a cross-complaint against Kavanagh, as well as complaints against the other defendants, seeking a declaratory judgment that it had the statutory authority to adopt and enforce the ordinance.  The cases were subsequently consolidated in the trial court.

The defendants filed motions to strike and dismiss the county's complaint and cross-complaint.  The trial court granted the defendants' motions, finding portions of the ordinance 
ultra vires
 and void.  The county filed a timely notice of appeal, and the defendants cross-appeal.

DISCUSSION

I.

Will County argues that the State Lobbyist Registration Act (Act) (25 ILCS 170/1 
et seq.
 (West 1996)) grants it the power to establish requirements for local lobbyists that are not contained in the Act.  The county asserts that because the Act does not require local ordinances to be identical to the Act, but only "similar" to it, local agencies have the power to establish additional requirements for lobbyists.  The defendants, on the other hand, argue that the county's complaint and cross-complaint should be dismissed because the county did not have authority under the Act to adopt some of the requirements in the ordinance.  Both parties agree that statutory construction of the Act is critical to the resolution of this case.

Because a motion to dismiss presents only questions of law, a trial court's dismissal order is reviewed 
de novo
.  
Grant v. Board of Trustees of Valley View School District No. 365-U
, 286 Ill. App. 3d 642, 644, 676 N.E.2d 705, 707 (1997).  Thus, we must determine whether, under the facts alleged in the complaint, the county is entitled to the relief requested.  See 
Denkewalter v. Wolberg
, 82 Ill. App. 3d 569, 571, 402 N.E.2d 885, 887-88 (1980).

The primary goal of statutory construction is to effectuate the language and intent of the legislature.  
People v. Hicks
, 164 Ill. 2d 218, 222, 647 N.E.2d 257, 259 (1995).  Statutory language must be given its plain and ordinary meaning.  
Hicks
, 164 Ill. 2d at 222, 647 N.E.2d at 259.  Statutes must be construed to avoid absurd, unreasonable, unjust or inconvenient results.  
Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253 (1993).

In this case, we must look to the language of the Act.  The Act grants local governing bodies the authority to "adopt an ordinance or resolution regulating lobbying activities *** that imposes requirements similar to those imposed by this Act."  25 ILCS 170/11.2 (West 1996).  Thus, the ordinance is valid if it is "similar" to the Act.  See 25 ILCS 170/11.2 (West 1996).

"Similar" is defined as "alike in substance or essentials."  Webster's Third New International Dictionary 2120 (1976).  Black's Law Dictionary defines "similar" as "[n]early corresponding; resembling in many respects" and states that "in some cases 'similar' may mean identical or exactly alike."  Black's Law Dictionary 1240 (5th ed. 1979).

By using the word "similar" the Act permits local authorities to enact legislation that is not identical to it.  However, the Act cannot be construed to grant local bodies plenary power to adopt requirements that differ in substance or in essential elements.  Thus, we must compare the Act and the county ordinance.

The ordinance requires registrants to file: (1) copies of any written client contracts and summaries of any oral agreements, (2) a disclosure of the registrant's compensation for lobbying activities, (3) a disclosure of all expenditures made by the registrant and the registrant's family and personal business to county officials or employees or their family members, or to any political organization, and (4) a disclosure of the name of each person lobbied and a description of "the county matter involved."  In contrast, the Act specifically states that lobbyists' compensation and election contributions need not be reported (25 ILCS 170/6(b) (West 1996)).  The Act also does not contain any disclosure requirements for client agreements, the identity of persons lobbied, or the matters involved.

This comparison reveals several substantive differences between the Act and the ordinance.  The additional requirements in the ordinance are substantially more intrusive than those in the Act, and some are in direct conflict with provisions in the Act.  For instance, the ordinance requires the reporting of lobbyists' compensation and election contributions, which are specifically excluded by the Act (25 ILCS 170/6(b) (West 1996)).

The additional mandates of the ordinance are not minor modifications of the Act and do not simply fill in details to suit local circumstances and procedural variations.  Because these provisions cannot be considered "similar" to the Act, the county did not have the power to adopt them.  We agree with the trial court that requirements added by the ordinance are 
ultra vires
 and void.

II.

A.  Constitutional Vagueness

The defendants cross-appeal the trial court's refusal to rule on their vagueness claim.  To the extent that portions of the ordinance have already been stricken on nonconstitutional grounds, we need not reach the defendants' constitutional claims.  See 
In re S.G.
, 175 Ill. 2d 471, 479, 677 N.E.2d 920, 924 (1997).  Thus, our review of the defendants' vagueness claim is limited.  Initially, we must determine whether the defendants' contentions present an actual controversy.  See 
Pincham v. Cunningham
, 285 Ill. App. 3d 780, 782, 674 N.E.2d 898, 900 (1996).  An actual controversy exists where the facts and issues in the case are not moot or premature and do not require the court to rule on abstract legal propositions, issue an advisory opinion, or render legal advice about future events.  
Pincham
, 285 Ill. App. 3d at 782, 674 N.E.2d at 900-01.

1.

The defendants argue that the ordinance is unconstitutionally vague on its face because it does not adequately define certain terms and procedures.  They contend that inadequate definitions of a few terms, such as "lobbying", "legislative action" and "occasional," render the ordinance unconstitutionally vague.  Litigants frequently call on courts to determine the precise meaning and application of statutory terms within specific factual contexts.  The absence of statutory definitions of a few terms does not render a statute void for vagueness.  
People v. Anderson
, 148 Ill. 2d 15, 28, 591 N.E.2d 461, 467 (1992).  Language does not possess mathematical precision, and courts will give undefined terms their plain and ordinary meaning.  
Anderson
, 148 Ill. 2d at 28, 591 N.E.2d at 467.  The mere possibility of future litigation concerning the precise interpretation of specific terms used in the ordinance does not render it unconstitutionally vague.  The common meaning of the language used in the ordinance is sufficiently specific to defeat the defendants' claim.  See 
People v. Taylor
, 138 Ill. 2d 204, 217, 561 N.E.2d 667, 673 (1990).

Furthermore, after the removal of its 
ultra vires
 provisions, the ordinance reflects the requirements of the state Act.  The defendants do not argue that the Act is unconstitutional due to vagueness.  When read together with the Act, the modified ordinance provides sufficient guidance to those seeking to comply with it.

2.

The defendants also argue that the ordinance is unconstitutional as it applies to them.  However, they have presented only general questions regarding the application of the ordinance and have not made specific factual allegations regarding its application in any particular instance.  Since several of the requirements in the ordinance have been found to be void, it is unclear if or how the county will modify or enforce the remaining provisions.  Under these circumstances, the issue is not yet ripe for adjudication.  The defendants did not establish an actual controversy between the parties, and the trial court properly refused to rule on their constitutional claims.  See 
Pincham
, 285 Ill. App. 3d at 782, 674 N.E.2d at 900-01.

B.  Regulation of Attorneys

The defendants next contend that the ordinance improperly invades the province of the supreme court by regulating and disciplining attorneys, citing 
In re General Order of March 15, 1993
, 258 Ill. App. 3d 13, 629 N.E.2d 673 (1994).  In that case, the trial judge suspended a lawyer from appearing in court before him after the lawyer repeatedly defied the judge's rulings.  Here, the ordinance does not limit the ability of any lawyer to appear and practice before a court, including the courts of Will County.  The ordinance merely establishes requirements that must be satisfied by any lobbyist who wishes to conduct business in Will County.  Like the Act
(footnote: 1), it is not specifically aimed at the activities of lawyer-lobbyists and does not attempt to punish them for misconduct in their role as lawyers; rather, it seeks to further the public interest by regulating the activities of 
all
 lobbyists in Will County.  Lawyer-lobbyists are not immunized from the obligations properly imposed on others performing the same function simply by means of their underlying profession.  The county ordinance does not improperly invade the supreme court's authority to regulate and discipline attorneys.

CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.

FOOTNOTES
1:
Again, we note that the defendants do not contend that the Act itself is invalid.  With the 
ultra vires
 provisions stricken, the ordinance reflects substantially the same registration requirements as the Act.