OAK GROVE JUBILEE CENTER, INC., Plaintiff-Appellant, v. THE CITY OF GENOA, Defendant-Appellee.

Second District    No. 2—01—0938

Opinion filed May 5, 2003.

Jonathan C. Wright, of Lincoln, and Matthew J. Davis and David C. Gibbs III, both of Gibbs Law Firm, P.A., of Seminole, Florida, for appellant.

William P. Brady, of Gallagher & Brady, of Sycamore, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Oak Grove Jubilee Center, Inc., appealed from an order of the circuit court of De Kalb County dismissing its action against defendant, the City of Genoa. Plaintiff had filed a three-count first amended complaint alleging facial and as-applied violations of the Religious Freedom Restoration Act (Act) (775 ILCS 35/1 *et seq.* (West 1998)) as well as a violation of the equal protection clauses of the state and federal constitutions (Ill. Const. 1970, art. I, § 2; U.S. Const., amend. XIV). The latter claim was brought pursuant to section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (1994)). Plaintiff filed a motion seeking summary judgment as to these counts. The trial court, however, did not address plaintiff's summary judgment motion and dismissed the action, *sua sponte*, on grounds that the trial court itself raised. Plaintiff appealed, requesting that we reverse the trial court's dismissal order and grant its motion for summary judgment. We reversed and remanded. *Oak Grove Jubilee Center, Inc. v. City of Genoa*, 331 Ill. App. 3d 102 (2002).

Defendant sought leave to appeal to the supreme court. In the interim, the supreme court issued its decision in *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164 (2002). Defendant's petition for leave to appeal was denied, but the supreme court, in an exercise of its supervisory authority, remanded the cause to this court with directions that we reconsider our decision in light of *Klaeren*. Having reconsidered, we vacate our original opinion and issue this opinion in its stead. For the reasons that follow, we adhere to our original views, reverse, and remand.

## BACKGROUND

Plaintiff is a church and is organized as an Illinois nonprofit corporation. It is operated primarily for the purpose of engaging in religious worship and promoting spiritual development for the people

residing in Genoa. The church is pastored by Reverend Bill Myers. Defendant is a municipal corporation. Plaintiff desired to operate a church at 527 West Main Street (the subject property) in the City of Genoa (the city). Plaintiff had possession of the subject property by virtue of an oral month-to-month lease. The lease has since been terminated. In the area in which the subject property is located, churches are classed as special uses by the Genoa zoning ordinance. Accordingly, plaintiff sought to obtain a special use permit.

Plaintiff submitted an application for a special use permit to the city, and the city plan commission recommended that defendant grant a permit. Nevertheless, the city denied plaintiff's application. Plaintiff challenged this denial in the circuit court. Plaintiff's original complaint was one for administrative review. Defendant moved to dismiss, contending that the actions of the city council were not subject to administrative review. Plaintiff then filed an amended complaint for declaratory judgment, asserting violations of the Act and equal protection violations. Plaintiff moved for summary judgment as to these counts.

The trial court did not rule on plaintiff's summary judgment motion. Instead, the trial court dismissed plaintiff's action. The court raised three issues, *sua sponte*, which it articulated as the bases for the dismissal. First, the trial court ruled that there was no indication in the application for the special use permit that plaintiff was a corporation or other entity with a capacity to bring a suit. Second, the trial court held that there was similarly no indication that Reverend Myers had the authority to represent the church in any capacity. Finally, the trial court held that any document Myers filed on behalf of the church in the special use proceedings was void *ab initio* because Myers was not licensed to practice law.

## ANALYSIS

Before turning to the merits of this appeal, we note that defendant has renewed its argument that this appeal is moot. Defendant previously filed with this court a motion to dismiss the appeal citing this ground. We denied the motion. Defendant bases its argument on the fact that plaintiff no longer holds an interest in the subject property, since its oral month-to-month lease was terminated. Defendant points out that the grant or denial of a special use permit turns on " ' "whether there are facts and circumstances that show that the particular use proposed at the particular location proposed would have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone." ' *** [Citations.]" (Emphasis omitted.) *City of Chicago Heights*

*v. Living Word Outreach Full Gospel Church & Ministries, Inc.*, 196 Ill. 2d 1, 22 (2001). Thus, defendant concludes, since plaintiff no longer has an interest in the subject property, and since the propriety of the denial of a special use permit depends on the particular property involved, this appeal is moot.

■ We adhere to our prior ruling. It is well recognized that "[a]ppellate jurisdiction is contingent upon the existence of a real controversy, and where only moot questions are involved, [a] court will dismiss the appeal." *Midwest Central Education Ass'n v. Illinois Educational Labor Relations Board*, 277 Ill. App. 3d 440, 448 (1995). When the resolution of an issue will have no practical effect on the existing controversy, it is moot. *La Salle National Bank, N.A. v. City of Lake Forest*, 297 Ill. App. 3d 36, 43 (1998). Matters *dehors* the record may be considered in determining whether a claim is moot. *In re Marriage of Dowd*, 214 Ill. App. 3d 156, 157 (1991).

■ None of the counts set forth in plaintiff's complaint are moot. Regarding the facial challenge to defendant's zoning ordinance based on the Act, we observe that the ordinance excludes churches from locating anywhere in the city as a matter of right. If we were to find the ordinance violative of the Act, plaintiff could then locate a church anywhere it wished without seeking defendant's approval. Hence, we can order effective relief regarding this count. Similarly, plaintiff challenges the constitutionality of the ordinance on equal protection grounds. Again, if we were to hold the ordinance unconstitutional, we would be granting plaintiff effective relief. Moreover, plaintiff is seeking damages in this count; hence, even though defendant cannot be ordered to permit plaintiff to operate a church on the subject property, monetary relief for the loss of the opportunity to use the subject property in such a manner may be appropriate.

Plaintiff's as-applied challenge presents a closer question. It is true that, so far, the ordinance has been applied to plaintiff only to deny it a special use permit for the subject property. However, the current action is one for declaratory judgement. In a declaratory judgment action, a party may seek relief where "he or she pleads both facts demonstrating a protected interest that clearly falls within the ambit of the enactment and that his or her rights will be affected adversely by its enforcement." *Stone v. Omnicom Cable Television of Illinois, Inc.*, 131 Ill. App. 3d 210, 214 (1985). Recalling that pleadings are to be construed liberally so as to do substantial justice between the parties (*A.J. Maggio Co. v. Willis*, 316 Ill. App. 3d 1043, 1050 (2000)), and further recalling that we may consider matters *dehors* the record (*Dowd*, 214 Ill. App. 3d at 157), we conclude that this count is not moot.

First, we note that plaintiff, in the as-applied count, has pleaded that defendant has excluded plaintiff from all zoned districts within the city and has made it unlawful for the church's members to exercise their religion within the city without first seeking permission to do so. Second, plaintiff has filed an affidavit stating that it is currently conducting religious services at the house of Reverend Myers. The zoning ordinance prohibits the *"[u]se* of a building" in certain manners. (Emphasis added.) Genoa Municipal Code art. 5.3. Plaintiff is using Myers's house as a church. The immediate enforcement of the ordinance would prevent it from doing so. Moreover, the complaint, liberally construed, encompasses the use of Myers's house as a church by alleging that the ordinance excludes plaintiff from every zoned district of the city. Hence, plaintiff is entitled to seek declaratory relief.

■ We will now turn to the merits of the trial court's decision. This appeal comes to us following a dismissal of plaintiff's complaint. Accordingly, we conduct *de novo* review. *Mars, Inc. v. Heritage Builders of Effingham, Inc.*, 327 Ill. App. 3d 346, 350 (2002).

■ Plaintiff first argues that the manner in which the trial court dismissed its complaint violated due process. While plaintiff's summary judgment motion was pending, the trial court dismissed the complaint *sua sponte*. Plaintiff was given neither notice nor an opportunity to be heard on the issues upon which the trial court based its dismissal. In *People v. Kitchen*, 189 Ill. 2d 424, 434-35 (1999), our supreme court vacated an order of a trial court denying a criminal defendant's petition for postconviction relief. The order was vacated because "[t]he decision to deny the petition was made without notice to the parties and without the benefit of argument from either defendant or the State." *Kitchen*, 189 Ill. 2d at 435. In *Peterson v. Randhava*, 313 Ill. App. 3d 1, 11-12 (2000), the trial court granted summary judgment *sua sponte*. *Peterson*, 313 Ill. App. 3d at 11-12. The *Peterson* court observed that proceeding in this manner "not only may waste judicial resources, through producing unnecessary appeals and remands that may have been avoided, but it deprives the plaintiff of an opportunity to conduct discovery on the relevant issues, present evidence and argue against dismissal." *Peterson*, 313 Ill. App. 3d at 12. We face a similar situation here. The trial court clearly erred by dismissing plaintiff's complaint in this manner. We could reverse and remand on this ground alone. However, we see little point in remanding solely on this basis. The parties have fully briefed the merits of the trial court's decision, and we will address them.

As a preliminary matter, the parties disagree as to whether the grant or denial of a special use permit constitutes a legislative or

administrative act. Until recently, it had been well settled that, under Illinois law, a legislative body's action on a special use permit application constituted a legislative act. *Chicago Heights*, 196 Ill. 2d at 14; see also *Kotrich v. County of Du Page*, 19 Ill. 2d 181, 182 (1960). As recently as 2001, our supreme court continued to adhere to this rule (*Chicago Heights*, 196 Ill. 2d at 16) while acknowledging that "the clear weight of authority in the United States holds that a legislative body acts administratively when it rules on applications for special use permits" (*Chicago Heights*, 196 Ill. 2d at 14). At the time plaintiff sought its special use permit and initiated the instant action, the traditional rule was still intact. A municipality's action on a special use permit was still considered legislative action.

In *Klaeren*, however, the supreme court abandoned the traditional rule. The court held that "municipal bodies act in administrative or quasi-judicial capacities when those bodies conduct zoning hearings concerning a special use petition." *Klaeren*, 202 Ill. 2d at 183. The court went on to expressly overrule prior decisions holding to the contrary. *Klaeren*, 202 Ill. 2d at 183. Thus, if we were to apply *Klaeren* to the instant case, we would be compelled to hold that defendant acted in an administrative capacity in passing on plaintiff's application for a special use permit. However, we decline to so hold, for we believe that *Klaeren* should not be given retroactive application in the present case.

■ In the civil context, a case may be limited to prospective application if it either overrules clear past precedent or decides an issue of first impression that was not clearly foreshadowed. *Bogseth v. Emanuel*, 166 Ill. 2d 507, 515 (1995). If the case falls within either category, the decision as to whether it will be applied prospectively turns on whether, "given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities." *Bogseth*, 166 Ill. 2d at 515. It is within the power of this court to limit a ruling of the supreme court in this manner. See *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 89 (1997) ("Notably, this court, in no way, evinced any disapproval of the appellate court's action in *Negron* in reviewing the prospectivity of either a United States Supreme Court opinion or an opinion of this court").

■ *Klaeren* clearly overruled past precedent and established a new rule of law. It expressly overruled the long-standing principle that a municipality acts in a legislative capacity when it acts on a special use permit. *Klaeren*, 202 Ill. 2d at 183. Furthermore, it would be inequitable to give *Klaeren* retroactive application in this case. Plaintiffs complied with the law as it stood at the time they sought

their special use permit. Applying *Klaeren* to this case would result in the filing being a nullity. Defendant, on the other hand, suffers no prejudice.[1] In fact, defendant likely had been operating in the context of the traditional rule during its entire existence. If we were to apply *Klaeren* to this case, it would be relevant to defendant's second and third arguments. These arguments, at their essence, are that there is no indication that Myers and plaintiff were one and the same entity or that Myers was an attorney licensed to represent plaintiff in a legal proceeding. We fail to see how the fact that Myers was unlicensed, assuming that a license is now required, prejudiced defendant in any way. In the instant case, giving *Klaeren* retroactive application would severely prejudice plaintiff. Conversely, declining to apply *Klaeren* retroactively would not prejudice defendant whatsoever. Therefore, we will not apply *Klaeren* here. Accordingly, for the purpose of resolving this appeal, we will apply Illinois's traditional rule that a municipal body acts in a legislative capacity in passing on an application for a special use permit.

■ The first basis upon which the trial court relied in dismissing plaintiff's cause was that there was no indication in the application for the special use permit that plaintiff was a corporation or other entity with a capacity to sue. In support of this proposition, the trial court cited *Alton Evening Telegraph v. Doak*, 11 Ill. App. 3d 381 (1973). However, that case involved a suit brought in a circuit court. *Alton Evening Telegraph*, 11 Ill. App. 3d at 382. While the case does stand for the proposition that a plaintiff must be a natural or artificial entity having the capacity to sue in order to bring an action, it says nothing regarding whether one must have that capacity in order to seek a legislative enactment. See *Alton Evening Telegraph*, 11 Ill. App. 3d at 382. This case provides no support for the trial court's position. We are unaware of any rule and have located no authority that imposes such a requirement upon an entity petitioning for a legislative enactment. Moreover, even if we were to apply *Klaeren* here, we note that plaintiff is, in fact, a nonprofit corporation. The omission of this information from the special use permit application would constitute nothing more than an unobjected-to pleading error even if it was

---

[1]We further note that applying *Klaeren* in the instant case would allow defendant to prevail by taking inconsistent positions regarding the procedures plaintiff was required to follow. Defendant moved to dismiss plaintiff's complaint when it was styled as a complaint for administrative review, which, in turn, caused plaintiff to amend its complaint and abandon this theory. To now hold against plaintiff based on the administrative nature of the underlying proceeding would be inequitable. *Cf. Johnson v. Du Page Airport Authority*, 268 Ill. App. 3d 409, 416 (1994) (applying the doctrine of judicial estoppel).

required that an entity have the legal capacity to sue in order to seek such a permit. Hence, we conclude that the trial court erred in dismissing plaintiff's complaint on this basis.

■ The trial court articulated as its second basis for dismissing plaintiff's complaint that there was no indication in the record that Myers, who filed the application on the church's behalf, and plaintiff were one and the same entity or that Myers had any authority to represent plaintiff. The trial court cited no authority supporting the proposition that these purported deficiencies constitute grounds for dismissal. Again, we are unaware of any rule imposing any such requirements on an entity seeking a legislative enactment. The trial court also stated that defendant was unaware it was dealing with a corporation during the special use proceedings. We do not see the relevance of this observation. The trial court erred in dismissing plaintiff's complaint on these bases.

■ The final basis relied upon by the trial court in dismissing plaintiff's complaint was that Myers was not licensed to practice law and thus could not represent the church in a legal proceeding. It is true that any legal document filed by a nonlawyer on behalf of another in a judicial or administrative proceeding is void *ab initio*. See *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992); *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 545 (1985). However, in the present case, we are dealing with a legislative proceeding. What Myers was doing in seeking a legislative enactment is akin to lobbying. In *Kavanagh v. County of Will*, 293 Ill. App. 3d 880, 885 (1997), the court expressly distinguished between lobbying and the practice of law. Other jurisdictions have drawn the same distinction. See *Legal Aid Society v. Legal Services Corp.*, 145 F.3d 1017, 1029 (9th Cir. 1998); *Attorney Grievance Comm'n v. Bereano*, 357 Md. 321, 341-42, 744 A.2d 35, 46 (2000); *Reilly v. Ozzard*, 33 N.J. 529, 544, 166 A.2d 360, 367 (1960) ("Lobbying is not a part of the practice of law"). Therefore, we conclude that Myers's petitioning for a legislative enactment was an activity that did not constitute the practice of law. As such, there was no need for him to be licensed, and the documents he filed were not void. We further note that plaintiff is a corporation and has been represented by counsel since the filing of the complaint in the instant case. The trial court erred in dismissing plaintiff's complaint on this basis as well. Finally, as we have declined to apply *Klaeren* here, we expressly do not decide whether this argument or the former one advanced by defendant would be meritorious were we to consider the proceeding in the instant case administrative or quasi-judicial in nature.

■ We note that defendant briefly argues that plaintiff failed to exhaust its local remedies before resorting to the court system. See

*Reilly v. City of Chicago*, 24 Ill. 2d 348, 349 (1962). However, this argument is predicated upon the premise that the application for the special use permit filed by Myers was void. We have already rejected this premise; hence, defendant's exhaustion argument has no merit. Defendant also argues that, even if the proceedings before the city council were legislative, the proceedings before the city plan commission were administrative. We reject this argument as well. As noted above, *Chicago Heights*, 196 Ill. 2d at 13-16, expressly left intact the body of law that holds that action on an application for a special use permit is legislative.

■ Finally, we must reject plaintiff's request that we consider its motion for summary judgment, upon which the trial court did not pass. It is true, as plaintiff points out, that Supreme Court Rule 366(a)(5) vests us with the power to enter any order that a trial court can enter. 155 Ill. 2d R. 366(a)(5). However, in *Swieton v. City of Chicago*, 129 Ill. App. 3d 379, 385 (1984), the appellate court declined to rule on a motion for summary judgment upon which the trial court had not ruled because it was unclear from the record whether defendant had received an adequate opportunity to respond. See also *Arthur Rubloff & Co. v. Leaf*, 347 Ill. App. 191, 197 (1952). In the present case, we find similar compelling reasons to decline to address plaintiff's summary judgment motion. First, we note that defendant filed a motion to strike an exhibit plaintiff submitted in support of the summary judgment motion. We find no ruling on this motion nor do we find any response from plaintiff. Second, although plaintiff represents that the motion has been fully briefed and argued, we find no report of proceedings containing any such argument in the record. Normally, we construe such omissions against the appellant, which is the plaintiff in this case. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Moreover, assuming defendant was able to argue the motion fully, we are unaware of what those arguments were. Third, even if we did address the summary judgment motion, we would still have to remand this cause. Plaintiff seeks both damages and the costs of the litigation. Damages and costs raise evidentiary issues and will likely necessitate further evidentiary hearings. Accordingly, we decline to address plaintiff's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we reverse the order of the circuit court

of De Kalb County dismissing the instant action and remand the cause for further proceedings.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.