NOTICE

Decision filed 07/24/23. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2023 IL App (5th) 230017-U

NO. 5-23-0017

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| TIM KALINOWSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 22-MR-212 |
| | ) | |
| THOMAS A. HAINE, in His Official Capacity as | ) | |
| Madison County State's Attorney, and KWAME | ) | |
| RAOUL, in His Official Capacity as Illinois Attorney | ) | |
| General, | ) | Honorable |
| | ) | Ronald J. Foster, |
| Respondents-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the dismissal of the petitioner's petition for declaratory judgment because the circuit court correctly determined that the petitioner does not have standing to bring the claim in this case because, *inter alia*, there was "no actual controversy between the parties." The circuit court also properly dismissed the petition on the basis of the circuit court's finding that the petitioner did not allege that his "concerns" were "traceable to" any actions by the respondents.

¶ 2    The petitioner, Tim Kalinowski, appeals the dismissal, by the circuit court of Madison County, of his petition for declaratory judgment against the respondents, Thomas A. Haine, in his official capacity as Madison County State's Attorney, and Kwame Raoul, in his official capacity as Illinois Attorney General. For the reasons that follow, we affirm the dismissal of the petition.

1

¶ 3                                    I. BACKGROUND

¶ 4       On September 23, 2022, the petitioner filed a petition for declaratory judgment pursuant to section 2-701 of the Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2022)), which is often referred to as the Illinois declaratory judgment statute. The petition named as respondents both Thomas A. Haine, in his official capacity as Madison County State's Attorney, and Kwame Raoul, in his official capacity as Illinois Attorney General. In the petition, the petitioner alleged, *inter alia*, that (1) he is a political science instructor employed by Southern Illinois University at Edwardsville (SIUE); (2) beginning "on or about August 31, 2022," he was ordered by his employer "to allow particular students to record the classes that he teaches," including class discussions he has with his students; (3) his instructional method is "semi-Socratic," which means "various students answer questions"; (4) he "teaches controversial subjects, occasionally in provocative ways, in which student responses are unpredictable"; (5) he closes the door to his classroom before class discussions begin; (6) he once had a conversation with another attorney in which that "attorney opined that allowing students to record classes likely violates the Illinois law on [e]avesdropping"; and (7) in addition to being "required to allow a student to record the class," he is required "to post an announcement to the other students letting them know that a student would be recording the class."

¶ 5       The petition further alleged that (1) the petitioner forwarded a message, provided by his employer, to his students telling them that the class was being recorded as an academic accommodation for a student with a qualifying disability; (2) he was not able to visually identify which student was recording the class; and (3) his "existing anxiety and hypertension issues have been elevated due to concerns related to the possibility of criminal charges or civil suit due to the [e]avesdropping statute." The petition asked the court to declare whether the requirements forced upon the petitioner by his employer violated the eavesdropping statute. The petition asserted that

the petitioner's "concern" was "that neither he nor the student recording the class be charged with a crime or subjected to civil liability under the [e]avesdropping statute." The petition further asserted that classroom discussions were "private" because the petitioner closed the classroom door prior to discussions, and because the discussions (which comprised a part of the students' grades) were part of student educational records and might have privacy requirements on that basis.

¶ 6     On October 28, 2022, respondent Kwame Raoul, in his official capacity as Illinois Attorney General (Raoul), filed a combined motion to dismiss the petition, pursuant to section 2-619.1 of the Code (*id.* § 2-619.1). Therein, Raoul contended that (1) the petition was based upon "speculative harm"; (2) there was no allegation in the petition that the petitioner "has been told that the current practice violates the [e]avesdropping [s]tatute," or "that he has been threatened with prosecution or legal action based upon the directive to allow students to record his classes"; and (3) the petitioner was not entitled to the declaratory relief he sought because he lacked standing to pursue his claim, and because the petition's allegations "fail[ed] to meet the standard required to adequately plead a declaratory action."

¶ 7     In support of the standing argument, Raoul contended that lack of standing is an affirmative matter that is properly raised in a motion to dismiss pursuant to section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)), and that the well-established requirements for standing were not met in this case. Specifically, Raoul contended that the petitioner was "not subject to any actual or threatened injury," and that the petition did not "set forth any allegation that his concern is traceable to either [respondent's] actions, as there is no allegation that either [respondent] has taken any position or action with respect to" the petitioner.

¶ 8     In support of the argument regarding the petition's pleading defects, Raoul contended that the petition should be dismissed pursuant to section 2-615 of the Code (*id.* § 2-615), because the petition did not "allege facts sufficient to state a claim for declaratory relief." Specifically, Raoul

3

contended that although the petition pleaded the petitioner's concerns about his situation, the petition did not "show a tangible legal interest, an opposing interest on the part of either [respondent], or an actual controversy." Thus, according to Raoul, the petition did not state a cause of action.

¶ 9    On October 31, 2022, respondent Thomas A. Haine, in his official capacity as Madison County State's Attorney (Haine), filed a motion to dismiss the petition pursuant to section 2-615 of the Code (*id.*). Therein, Haine contended that there was "no controversy" and the petitioner was "unharmed," which Haine argued meant that the petitioner did not have standing to bring his claim. Haine also contended that "these issues have already been addressed by Illinois Courts and resolved [by] finding that classroom conversations are not subject to any expectation of privacy and, therefore, the [eavesdropping] [s]tatute is not implicated" in situations such as that alleged in the petition. Haine filed a memorandum of law in support of his motion, which discussed and supported his contentions in detail, including his assertion that because the petitioner lacked standing, the petition amounted to a request that the circuit court "enter an advisory opinion."

¶ 10    On November 22, 2022, and November 30, 2022, the petitioner filed responses to the two motions to dismiss, in which the petitioner claimed that he did have standing, that he did sufficiently plead a cause of action, and that he held a good faith belief that the legal precedent relied upon by Haine in his motion to dismiss was distinguishable from the present case with regard to the expectation of privacy in a college-level classroom. On December 9, 2022, the circuit court entered an order in which it stated that the motions to dismiss were "called, heard, and taken under advisement."

¶ 11    On December 12, 2022, the circuit court entered an order in which the circuit court found that the petitioner lacked standing, and in which the circuit court therefore granted the motions to dismiss. The circuit court specifically found that the petitioner (1) did not allege he was "subject

4

to any actual or contemplated liability as the result of adhering to his employer's directives," (2) had "not been prosecuted or threatened with prosecution for acquiescing to his employer's demand that he allow recording by a student," (3) did not allege that his "concerns" were "traceable to" any actions by the respondents, and (4) did not allege that the respondents had "taken a position or action with respect to" him. The circuit court ruled that granting relief to the petitioner would not change his status, and that because there was "no actual controversy between the parties, [p]etitioner lacks standing [to] bring forth his claim." This timely appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    A section 2-615 motion to dismiss admits all well-pleaded facts and attacks the legal sufficiency of the complaint or petition. See, *e.g.*, *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). On the other hand, a section 2-619 motion to dismiss admits the legal sufficiency of the complaint or petition, but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or petition, or are established by external submissions, and that act to defeat a plaintiff's or petitioner's claim. See, *e.g.*, *id.* As Raoul correctly noted in the circuit court, lack of standing is an affirmative matter that is properly raised in a motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2022)). See, *e.g.*, *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). We review *de novo* a circuit court's dismissal of an action pursuant to either section 2-615 or section 2-619. *Neppl*, 316 Ill. App. 3d at 583. Under *de novo* review, we perform the same analysis that the circuit court would perform. *Maschek v. City of Chicago*, 2015 IL App (1st) 150520, ¶ 38. We accept as true all well-pleaded facts in the pleading we are reviewing, and all inferences that can be reasonably drawn in the favor of the plaintiff or petitioner. *Id.* ¶ 39. Likewise, we interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* Even if the circuit court granted a motion to dismiss on an

5

improper ground, we may affirm the dismissal on any proper ground found in the record on appeal. *Id.* ¶ 40.

¶ 14   In this case, motions to dismiss were brought by the respondents pursuant to both section 2-615 and section 2-619. The circuit court granted the respondents' motions to dismiss because the circuit court concluded that the petitioner lacked standing to bring his claim because, *inter alia*, there was "no actual controversy between the parties." We agree. "Under the Illinois declaratory judgment statute, declaratory relief is only permitted where there is an actual controversy." *Pincham v. Cunningham*, 285 Ill. App. 3d 780, 782 (1996). As the *Pincham* court noted, the Illinois Supreme Court has held that an actual controversy exists if the pleading for a declaratory judgment demonstrates " 'that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.' " *Id.* (quoting *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977)). As the *Pincham* court also noted, the Illinois Supreme Court has upheld the dismissal of a pleading for a declaratory judgment on the basis of prematurity where the petitioner's "rights were dependent on the outcome of future events." *Id.* at 782-83 (citing *Howlett v. Scott*, 69 Ill. 2d 135 (1977)). The *Pincham* court thereafter also reiterated the longstanding rule that "a declaratory judgment is not available to adjudicate nonliability for past acts," as such an adjudication could amount to the issuance of an impermissible advisory opinion. *Id.* at 783. The *Pincham* court held that where the party seeking relief had never been found to have violated the rule or rules in question, determining the validity of those rules would amount to an advisory opinion. *Id.* at 784.

¶ 15   In this case, as Raoul and Haine both point out on appeal, although the petitioner claims that he fears civil or criminal liability if he complies with the requirements of his employer and allows the recording of his classes, the petitioner has not alleged that any criminal charges or

6

lawsuits have been filed, or even that any are, to his knowledge, under contemplation, either by the respondents or by anyone else. In other words, not only has the petitioner never been found to have violated the eavesdropping statute, he has never even faced any allegations or threats of legal action based upon the eavesdropping statute, or any claim that he violated it. Thus, we agree that there is no actual controversy between the petitioner and the respondents in this case. See, *e.g.*, *Flynn v. Ryan*, 199 Ill. 2d 430, 439-40 (2002) (no actual controversy exists where there is no "concrete dispute" wherein allegedly aggrieved party was subjected to, or threatened with, negative action by other party, because in case before the court, other party never threatened to invoke statute in question). As Raoul further points out, he has never taken any position on the applicability of the law in question in this case—the eavesdropping statute—to circumstances such as those alleged by the petitioner, which further removes Raoul from any controversy with the petitioner, because Raoul has no interest that opposes the interest of the petitioner. See, *e.g.*, *Illinois Gamefowl Breeders Ass'n v. Block*, 75 Ill. 2d 443, 450-51 (1979) (to have standing to maintain action for declaratory relief, party seeking relief must, *inter alia*, "stand in a position adverse to" other party or parties). The same is true for Haine, who likewise has never taken any position on the applicability of the eavesdropping statute to circumstances such as those alleged by the petitioner. Thus, the respondents are correct that because there is no actual controversy between the petitioner and the respondents, the petition not only is premature, but also would require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, and/or give legal advice as to future events, all of which are impermissible. See *Pincham*, 285 Ill. App. 3d at 782.

¶ 16     Moreover, the circuit court also properly granted the respondents' motions to dismiss on the basis of the circuit court's finding that the petitioner did not allege that his "concerns" were "traceable to" any actions by the respondents. On appeal, the petitioner argues that he sued Haine

7

"because he would be the one with the power to pursue a criminal case against" the petitioner, and that he sued Raoul "because he has the duty to defend Illinois statutes, is capable of representing SIUE's interests, and, from [the petitioner's] experience and understanding, SIUE typically turns over the defense of lawsuits to" Raoul. In his briefs on appeal, the petitioner repeatedly conflates SIUE with "the State" as if SIUE and the respondents are the same entity, each responsible for the other's actions. However, SIUE is a separate legal entity from the respondents. To date, the petitioner has chosen not to sue SIUE, despite the fact that it was SIUE, not the respondents, who told the petitioner that he must allow his classes to be recorded. The actions of which the petitioner complains, and the "concerns" he now raises about the ramifications of those actions, are attributable to a decision made by SIUE, not the respondents, neither of whom, we reiterate, has threatened the petitioner with legal action or subjected the petitioner to legal action. Thus, the circuit court was correct in its ruling that the petitioner did not allege that his "concerns" were "traceable to" any actions by the only two respondents named by the petitioner in this case, Raoul and Haine.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the dismissal of the petition.


¶ 19    Affirmed.