*In re* MARRIAGE OF SANDRA O. DOWD, Petitioner-Appellee, and THOMAS DOWD, Respondent-Appellant.

Second District   No. 2—90—0903

Opinion filed May 31, 1991.

Robert A. Chapski and Randy K. Johnson, both of Law Office of Robert A. Chapski, Ltd., of Elgin, for appellant.

Harry Schaffner, of Schaffner & Van Der Snick, P.C., of Geneva, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Respondent, Thomas Dowd, appeals from a judgment of dissolution of marriage entered by the circuit court of Kane County based on irreconcilable differences. Respondent maintains that the proof presented at trial did not establish that the parties lived "separate and apart" for a period in excess of two years or that the marriage was

irretrievably broken down, as required by section 401(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 401(a)(2)).

Petitioner has filed a motion to dismiss the appeal on the ground that the appeal is frivolous because the issue presented therein is moot. Respondent has filed objections to petitioner's motion. This court ordered the motion and the objections thereto be taken with the case, and at the outset we direct our consideration to this preliminary question.

Petitioner asserts in her motion and accompanying affidavits that a woman with whom respondent is romantically involved and the woman's two children have been living with respondent since June 1990. Petitioner further states that the two children refer to respondent as "Dad" and are using his surname, that the woman represents that she is respondent's wife, and that respondent and the woman are living on a resident, continuing, conjugal basis. By these averments, petitioner is apparently attempting to establish that respondent's conjugal relationship with this woman indicates that he has accepted the benefits of the dissolution decree and is now estopped from subsequently challenging its validity.

In his objections, respondent does not address or deny petitioner's assertions, nor has he filed any counteraffidavits. While, generally, well-alleged facts within an affidavit must be taken as true when not contradicted by counteraffidavit, that rule is typically applied, by virtue of Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)), only to affidavits in proceedings under sections 2—1005, 2—619, and 2—301(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1005, 2—619, 2—301) and does not apply to affidavits filed in conjunction with all other types of civil proceedings. (*Marquette National Bank v. B.J. Dodge Fiat, Inc.* (1985), 131 Ill. App. 3d 356, 362.) As there is no issue, here, as to summary judgment, involuntary dismissal, or jurisdiction over the person, the requirements of Rule 191(a) need not be invoked. Nevertheless, an examination of the affidavits accompanying petitioner's motion shows that the specific facts set forth therein are not declared to be made on the personal knowledge of the affiants but on information relayed to the affiants by others. As petitioner has failed to attach any other material to her motion to support her contention of mootness, although matters *dehors* the record can be considered insofar as they concern the question of mootness (*Unity Ventures v. Pollution Control Board* (1985), 132 Ill. App. 3d 421, 430), petitioner's motion to dismiss this appeal is denied, and we move on to consideration of the issue raised on appeal by respondent.

Respondent contends that the trial court erred in determining that the marriage between the parties should be dissolved on the basis of irreconcilable differences because the proof was insufficient to show that the parties lived separate and apart in excess of two years or that the marriage was irretrievably broken down, as required by the "no-fault" provision of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 401(a)(2)). It is respondent's position that the "living separate and apart" ground for dissolution set forth in section 401(a)(2) of the Act requires that spouses live physically separate and apart for two years. Respondent urges this court to reject the holding in *In re Marriage of Kenik* (1989), 181 Ill. App. 3d 266, that the state of "living separate and apart" can be realized without a physical distance between the parties. We, however, are in agreement with the *Kenik* court's interpretation of the no-fault provision.

As pointed out in *Kenik*, the legislative debates surrounding the enactment of the no-fault provision disclose its sponsors intended an expansive reading of the statute and that it was not necessary for individuals in a marriage to live apart to make the provision applicable. State Senator William A. Marovitz, the senate sponsor of the bill, declared that it was up to the discretion of the trial court to determine whether parties exist "separate and apart." Marovitz explained:

"If the judge determines that living separate and apart they have to be living in separate households, so be it. If the judge determines that living ... apart ... they can be living under the same roof but there is [*sic*] no conjugal visits, they ... are living in separate bedrooms, they are doing *** their own laundry, their own meals, whatever, that's up to the judge and that's ... what the case law is today." 83d Ill. Gen. Assem., Senate Proceedings, November 3, 1983, at 60.

Testimony adduced in the *Kenik* case revealed that, although the parties resided in the same house until August or September of 1986, they had ended all marital relations a year before the husband filed for dissolution in May 1985. They used separate bedrooms, had no meaningful communication with each other, and shared the family's fundamental financial obligations. The *Kenik* court determined that under the no-fault statute, "dissolution is predicated upon a finding of 'irretrievable breakdown' of the marriage due to 'irreconcilable differences' " and that "this is a state which can be realized without physical distance between the parties." (*Kenik*, 181 Ill. App. 3d at 274.) Based on the facts before it, the *Kenik* court found that no error arose

from the trial court's finding that the parties lived "separate and apart" while residing in the same house.

In the instant case, the testimony established that the parties were married in 1970 and had one child, Adam, born in 1971. In November 1985 petitioner moved out of the marital home. She returned in May 1986 based on respondent's agreement to seek marital counseling with her. The parties, however, never went to counseling although, according to respondent, the parties had attended many marital counseling sessions in the past.

Following her return home in May 1986, petitioner returned to the marital bed for about two weeks. Thereafter, until she moved out again in July 1988, petitioner slept on the couch. In fact, by respondent's testimony, petitioner began sleeping on the couch in 1984 when the parties first moved into their house in St. Charles. By both parties' testimony the last time petitioner expressed her love for respondent was in 1986 and the last time the couple had sexual relations was during an attempted reconciliation trip to Jamaica in August 1987. Respondent stated that this was one of many reconciliation trips.

Petitioner filed for dissolution in June 1988; it was the third time during their marriage that she had begun dissolution proceedings. By the time petitioner again moved out of the marital home in July 1988, little conversation occurred between the parties. For the most part, the parties still did take dinner together, but it was done apparently for the sake of their son, and any dinner conversation was usually directed toward the son or about the son.

■ Based on these facts, it is apparent that irreconcilable differences existed in this case and that an irretrievable breakdown of the marriage occurred long ago. The evidence established that the legitimate objects of matrimony had been destroyed over the years, that the parties were unable to live together as husband and wife, and that no prospects of reconciliation existed. Although no physical separation of two years had occurred prior to the dissolution, the parties had been living "separate and apart" for more than two years. We conclude, therefore, that the trial court did not err in determining that the marriage between the parties should be dissolved under the no-fault provision of the Act.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

REINHARD, P.J., and DUNN, J., concur.