No.  2--97-0535

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

LASALLE NATIONAL BANK, N.A., ) Appeal from the Circuit Court

Successor to LaSalle National ) of Lake County.

Trust, not personally, but as )

Trustee under Trust Agreement )

Nos. 10-16725-09 and )

10-25443-09;
 JOSEPH L. SERAFINE )

and JANICE SERAFINE, )

)

Plaintiffs-Appellants and )

Cross-Appellees, )

)

) No. 94--CH--12

)

THE CITY OF LAKE FOREST; RHETT
 )

W. BUTLER, Mayor of the City of )

Lake Forest; JOHN E. PRESCHLAK, )

CORNELIUS R. WAUD, LAWRENCE P. )

MARSHALL, ABIGAIL G. FASSNACHT, )

BART D. WOLOSON, GAIL T. HODGES, ) 

RICHARD C. ERNEST and RICHARD )

G. CAREY, Aldermen of the City )

of Lake Forest; HOWARD J. KERR, )

Chairman of the Plan Commission )

of the City of Lake Forest; RON )

GOLTRA, CORINNE GIESEKE WOOD, )

ROBERT W. OGDEN, JR., LAWRENCE )

R. TEMPLE, DONALD C. BATTAGLIA, )

and DAVID G. WILLIAMS, Members )

of the Plan commission of the ) 

City of Lake Forest; CHARLES E. )

CROOK, Director of Community ) 

Development of the City of Lake )

Forest; and ANDREW SUVALSKY, ) 

Assistant City Planner of the ) 

City of Lake Forest, ) 

) Honorable

Defendants-Appellees and ) Peter M. Trobe,

Cross-Appellants. ) Judge, Presiding.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiffs, LaSalle National Bank, N.A., successor to LaSalle National Trust, not personally, but as trustee under trust agreement Nos. 10--16725--09 and 10--25443--09; Joseph L. Serafine and Janice Serafine, appeal from the amended judgment order entered by the trial court.

In their appeal, plaintiffs argue that defendants, the City of Lake Forest and various of its employees and elected officials (collectively, defendant), have routinely exceeded their lawful powers by requiring that covenants not to resubdivide be placed on final plats of resubdivision that contain any lots large enough to be resubdivided under the existing zoning ordinances and that the trial court erred in refusing to enjoin defendant from continuing to impose covenants not to resubdivide on future subdivisions or resubdivisions of property within its borders.  On cross-appeal, defendant argues that the trial court erred in finding that the covenant issue was not moot.  Defendant maintains that this issue is moot and, as a result, this appeal should be dismissed.  The issue on appeal relating to an injunction affecting all other subdivisions in Lake Forest other than plaintiffs' subdivision is moot.

The property at issue consisted of approximately 24.5 acres in Lake Forest.  It was subdivided into three lots.  Two of the lots were improved with single-family residences, while the third (lot 1) was unimproved.  Plaintiffs drew up a resubdivision of the property in which the two lots with single-family residences would remain essentially the same size and configuration, and lot 1 would be resubdivided into eight new lots of at least one and one-half acres in size.  Plaintiffs submitted a preliminary plat of resubdivision to defendant, which approved the preliminary plat subject to certain conditions.  The conditions included the payment of certain fees, the granting of a conservancy easement to defendant, extending a water main, and not damaging a historic garden located to the north of the subject property.

Subsequently, plaintiffs submitted engineering drawings and the final plat of resubdivision.  After defendant’s planning and development staff reviewed these documents, it was recommended that the final approval of the resubdivision of the property be subject to a further condition, namely, that plaintiffs be required to place a covenant on lot 1 that would prohibit the further subdivision of it in the future.  Plaintiffs declined to place such a covenant on lot 1, and defendant’s plan commission voted to recommend nonapproval of the final plat of resubdivision.

In its November 18, 1993, meeting, defendant’s city council refused to vote on the final plat of resubdivision on grounds that are not at issue in this appeal.  Further, the city council did not take a final vote on the ordinance, which would have rezoned the subject property from R-5 to R-4 and would have granted a special use permit for a historic residential and open space preservation district.

On January 5, 1994, plaintiffs filed a complaint for declaratory, injunctive, and other relief.  Count I alleged that defendant’s requirement of a conservation easement and a public path for pedestrians and bicyclists was not authorized by Illinois statutes or defendant’s charter and was beyond defendant’s powers as a non-home-rule municipality.  Further, count I sought a permanent injunction enjoining defendant from requiring such a condition for the approval of the subject resubdivision.  Count II alleged that a $16,000 open space fee as a condition for the approval was void and sought a permanent injunction enjoining defendant from requiring such a condition for the approval of the subdivision.  Count III alleged that the conditions of the conservancy easement and the open space fee were unconstitutional takings of private property and should be enjoined.  Count IV alleged that defendant’s requirement that plaintiffs place a covenant on lot 1 as a condition for the approval of the final plat of subdivision was arbitrary and not a proper exercise of defendant’s police power.  Count IV sought a permanent injunction enjoining defendant from requiring such a condition for the resubdivision’s approval.  Count V alleged that the covenant constituted an unconstitutional taking of property without just compensation and should be enjoined.  Count VI alleged that the city council’s refusal to approve the final plat of resubdivision for the reason that it did not have jurisdiction to do so was arbitrary and not a proper exercise of defendant’s police power.  Count VI sought a declaration that the city council’s refusal to vote was void and also sought a permanent injunction or, in the alternative, a 
mandamus
 directing the city council to vote upon and approve the final plat of resubdivision without the offending conditions.  Count VI also sought a permanent injunction or, in the alternative, a writ of 
mandamus
 directing the city council to vote upon and approve the ordinance to rezone a portion of the subject property from R-5 to R-4 and granting a special use permit for a historic residential and open space preservation district.

Defendant filed a section 2--619 motion to dismiss (735 ILCS 5/2--619 (West 1994)), which argued that the city council lacked jurisdiction to vote on the case and, thus, the trial court also lacked jurisdiction.  The trial court denied this motion on August 24, 1994.

On September 15, 1994, the city council approved plaintiffs’ final plat of resubdivision, subject to the following conditions:  that plaintiffs dedicate a conservancy easement over a portion of the property; that defendant pay no taxes on the property covered by said easement; and that the easement not be included for purposes of calculating the building scale for the lot upon which it would be located.  The city council decided at this meeting “not to pursue the condition that there be a restriction on further subdivision on Lot 1.”  Further, the city council did not approve the ordinance to rezone a portion of the property and to grant a special use permit.

Subsequently, plaintiffs filed a motion for summary judgment.  In response, defendant filed a motion to dismiss portions of the complaint and strike portions.  Therein defendant stated counts IV and V of the complaint challenged the validity of requiring plaintiff to place a covenant upon lot 1 prohibiting further division.  Defendant further stated that the city council had decided not to make the covenant a condition to the approval of resubdivision.  Defendant argued, as a result, that the condition was not required and the issue pertaining to it was moot.

In its order entered on October 23, 1995, the trial court found the issue of the covenant on further resubdivision of lot 1 was moot.  It then granted plaintiffs’ motions for summary judgment on the "issue of the requirement for [a] conservancy easement, a right-of-way for public pedestrian/bicycle path and payment of an open land preservation fee."

In a "final judgment order" entered on November 16, 1995, the trial court, 
inter alia
, reiterated its conclusions regarding the covenant, conservancy easement, the right-of-way, and open land preservation fee.  In finding the covenant issue moot, the trial court wrote, "This court will 
assume
 that the [defendant’s] representation that the issue is moot means that the [defendant] will not attempt to again impose this condition for plaintiff’s [
sic
] subdivision."  (Emphasis added.)  The trial court also directed the city council to approve the final plat of resubdivision without any  of the requirements declared invalid, to approve the ordinances for rezoning, and to grant a special use permit.

Plaintiffs appealed to this court, arguing that the trial court erred in finding the covenant issue moot.  This court dismissed the appeal in a summary order, No. 2--95--1617, which was filed on December 20, 1996.  This court found that the use of the term "assume" in the above-cited portion of the final order made it uncertain "whether or not the [trial] court expressly prohibited the reimposition of the covenant requirement."  Accordingly, this court found that the November 16, 1995, final judgment order did not constitute a final and appealable order upon which review could be rendered.

On remand without hearing any further evidence in this matter, the trial court reversed itself, finding that the issue of the covenant against further resubdivision of lot 1 was not moot.  As a result, the trial court enjoined the defendant from ever imposing such a covenant on lot 1.  This injunction is not an issue on appeal.  However, the trial court declined to enjoin defendant from imposing such a covenant on future subdivisions or resubdivisions of property within Lake Forest "and any other property owned or hereafter acquired by any of the plaintiffs or their heirs, beneficiaries, administrators, executors and successors."  The parties’ timely appeal and cross-appeal followed.

Initially, we address plaintiffs’ motion to strike a misleading representation in defendant’s brief and a motion to dismiss defendant’s cross-appeal on the issue of mootness.  As to the misleading statement, plaintiffs point to a sentence in defendant’s brief which reads, "City officials are bound to follow the law and in this case they will."  Plaintiffs maintain that the "inescapable inference from this representation is that defendants have completely and permanently abandoned their long-time practice of requiring that covenants not to resubdivide be placed on final plats of subdivision, which contain any lots large enough to be resubdivided under the existing zoning."

We do not agree with plaintiffs’ interpretation of the disputed sentence.  In our view this sentence merely implies that defendant "will not go back on its word" regarding this specific property.  Thus, we find nothing misleading in the statement and deny plaintiffs’ motion to strike it.

Further, plaintiffs have moved to dismiss defendant’s cross-appeal.  In support of this motion plaintiffs include documentary evidence that defendant is continuing to impose covenants not to resubdivide on other property owners’ final plats of subdivision as a condition to defendant’s approval of same.  As defendant notes, there is no evidence regarding the nature of these alleged situations involving the imposition of a covenant.  It is entirely possible that these situations involve voluntarily agreed-to covenants.  Accordingly, we attach no particular significance to these allegedly similar situations and deny plaintiffs’ motion to dismiss defendant’s cross-appeal.

Plaintiffs’ first contention on appeal is that the pertinent statute authorizes all non-home-rule municipalities such as defendant to establish by ordinance reasonable standards of design for subdivisions and does not permit municipalities to impose covenants not to resubdivide.  65 ILCS 5/11--12--5 (West 1992).  Defendant does not dispute this; there is no question that it cannot impose such covenants
.  The out-of-state case cited by plaintiffs, 
Moscowitz v. Planning & Zoning Comm’n
, 16 Conn. App. 303, 547 A.2d 569 
(1988), merely reiterates the undisputed point that a municipal planning commission does not have the authority to set a condition restricting future subdivisions at the time it approves the plat of subdivision and that any such condition is void 
ab initio
.  This case adds little to the resolution of this appeal.  In essence, this "argument" is nothing more than a presentation of the relevant law on an undisputed issue.

Plaintiffs’ final contention is that the trial court erred in refusing to enjoin defendant from continuing to impose the subject covenants on other Lake Forest properties.  Plaintiffs argue that an injunction is the proper remedy to challenge the validity of a  regulation or rule of a public body.  
Boyd v. Board of Trustees, Mitchell Public Water District
, 15 Ill. App. 3d 152, 153 (1973).  What plaintiffs ignore is the fact that there was no ordinance, regulation, or rule to enjoin.  At one point in their briefs, plaintiffs complain mightily about the ephemeral nature of defendant’s imposition of the subject covenants, 
i.e.
, "now you see them, now you don’t."  Unfortunately for plaintiffs, that appears to be the nature of the beast they are attempting to slay.  The record indicates that when defendant is challenged on the subject type of covenant, defendant quietly withdraws it, leaving no offending action to enjoin.  Contrary to plaintiffs’ assertions, the trial court properly found that it could not enjoin defendant’s practice of imposing the subject covenants not to resubdivide.

In its brief, defendant initially argues that plaintiffs lack standing to pursue this appeal.  Defendant maintains that, in order to have standing to raise an issue on appeal, a party must have some real interest in the outcome, there must be some real interest in the outcome, and there must be a real controversy.  Defendant asserts that plaintiffs have already received everything they could possibly have gotten.  In response, plaintiffs argue that the lack-of-standing argument should have been raised in the trial court and that defendant’s failure to do so results in the waiver of this argument.  See 
In re Marriage of Schlam
, 271 Ill. App. 3d 788, 796 (1995).  In reply, defendant counters that this defense could have been raised only after the trial court entered on remand its amended final judgment on April 16, 1997.  We do not agree.  Prior to the entry of the trial court’s first "final order" on November 16, 1995, defendant informed the trial court that its city council had decided not to make the subject covenant a condition to the approval of plaintiffs’ plat of resubdivision.  Accordingly, defendant raised a mootness argument to counts IV and V of the complaint.  At that time, defendant could also have argued that plaintiffs no longer had standing to pursue counts IV and V, as there was no longer any actual controversy in regard to the deleted covenant.  Having failed to do so, defendant waived the lack of standing argument.

In its cross-appeal, defendant argues that the issue of a covenant against further resubdivision is moot.  Defendant contends that the evidence demonstrates that it did not require the covenant as a condition for the approval of the plaintiffs’ final plat of resubdivision.  Defendant points to the uncontradicted affidavit of Charles Crook, the City’s director of community development, which stated that, while the plan commission recommended this covenant, the city council rejected the recommendation and did not impose the covenant.

In response, plaintiffs argue that this issue was not moot because it involved a situation in which the defendant voluntarily discontinued the disputed practice.  Plaintiffs contend that the case law does not support a finding of mootness in such a case.  Plaintiffs argue in the alternative that, even if this court finds the issue moot, it should, nevertheless, address the issue relating to the covenant not to resubdivide under the public interest exception to the mootness doctrine.

It is axiomatic that appellate jurisdiction is based upon the existence of a real controversy and, where only moot questions are involved, this court will dismiss the appeal.  
Midwest Central Education Association, IEA-NEA v. Illinois Educational Labor Relations Board
, 277 Ill. App. 3d 440, 448 (1995).  An issue is moot when its resolution could not have any practical effect on the existing controversy.   
Midwest
, 277 Ill. App. 3d at 448.  Put another way, an issue is moot if an actual controversy no longer exists between the parties and the interests and rights of the parties are no longer in controversy.  
Indlecoffer v. Village of Wadsworth
, 282 Ill. App. 3d 933, 938-39.

We can find nothing in the record to support the trial court’s view that the covenant issue is not moot.  At the time that the trial court ruled on the plaintiffs’ motion for summary judgment, the final plat of resubdivision had been approved without a covenant not to resubdivide.  Without the imposition of such a covenant as a condition of the approval of the final plat, there was no longer a controversy before the trial court.  Any meaningful declaratory and injunctive relief was no longer an option for the trial court, which, on remand, mistakenly found that the covenant issue was not moot.

Of the cases cited by the parties, we find 
Magnuson v. City of Hickory Hills
, 933 F.2d 562 (7th
 Cir. 1991), provides us with the most guidance.  In 
Magnuson
, plaintiffs were homeowners who lived in Hickory Hills (defendant).  Pursuant to various mandates, defendant had instituted a sewer rehabilitation program, which included "house-to-house inspections to 'flush out' potential sources of illegal discharge into the sanitary server system."  
Magnuson
, 933 F.2d at 563.  Plaintiffs' home was inspected and found to be discharging waste water in the proper manner.  However, plaintiffs received numerous threatening notices from defendant for their failure to have the appropriate plumbing installed.  Eventually, plaintiffs  went to state court to obtain a temporary restraining order against defendant regarding the threatened water shutoff.  When plaintiffs’ plumber notified defendant that plaintiffs were in compliance with the sewer rehabilitation program, defendant took plaintiffs off the list of "offenders" and never again threatened them with the loss of water services.  
Magnuson
, 933 F.2d at 564.

Plaintiffs' next stop was federal court, where they filed a claim against defendant under 42 U.S.C. §1983, wherein they alleged due process and fourth amendment violations.  Plaintiffs sought declaratory and injunctive relief as well as compensatory and punitive damages.  Further, they sought to certify a class of similarly situated plaintiffs.  The district court found that "because [plaintiffs] no longer were under the threat of having their water service terminated, their case was, so to speak, down the tubes."  
Magnuson
, 933 F.2d at 565.

Before the seventh circuit, plaintiffs maintained that, even though defendant might never send them a threatening notice again, it would continue to send out threatening notices to gain entry to the homes of other residents.  The 
Magnuson
 court observed that the critical inquiries in such a circumstance are whether the discontinuance is complete, whether effects continue after discontinuance, and whether there is any other reason that justifies relief.  
Magnuson
, 933 F.2d at 565.

The 
Magnuson
 court found that plaintiffs’ challenge to defendant’s sewer rehabilitation program was moot, as there was no evidence that plaintiffs had a reasonable expectation that defendant would repeat its purportedly illegal claims or that plaintiffs were facing a residual effect from the discontinued threat of shutoff.  
Magnuson
, 933 F.2d at 565.

Regarding the injunctive relief sought by plaintiffs, the 
Magnuson
 court noted that to maintain a claim for injunctive relief in federal court plaintiffs must do more than merely speculate that they will again experience injury due to the disputed practice.  
Magnuson
, 933 F.2d at 565.  The seventh circuit noted that at the time plaintiffs filed suit their grievances existed only in the abstract.  The 
Magnuson
 court concluded, “Because their claim is moot, they may not represent a class of Hickory Hills citizens who face the threat of having their water terminated due to noncompliance with the City’s sewer rehabilitation program.”  
Magnuson
, 933 F.2d at 565.

Similar to the 
Magnuson
 plaintiffs' challenge to the sewer rehabilitation program, which was found to be moot, plaintiffs’ challenge to defendant’s practice of imposition of covenants not to resubdivide "exists only in the abstract."  As in 
Magnuson
, plaintiffs have put forward little or no evidence to show that they have a reasonable expectation that defendant will reimpose the covenant sometime in the future.  Nor have the instant plaintiffs presented evidence that they have suffered any residual effect from the now-removed covenant.  Instead, the record demonstrates that plaintiffs do not face the future threat of a covenant not to resubdivide being imposed on the subject property.

Moreover, 
Magnuson
 provides guidance in a situation where plaintiffs, whose own challenge is moot, attempt to represent others who are allegedly facing an actual threat.  Like the 
Magnuson
 plaintiffs, the instant plaintiffs no longer have claims of their own and are attempting to represent property owners who allegedly are subject to the same type of covenant.  Of note is the fact that the 
Magnuson
 plaintiffs at least sought to certify a class of similarly situated plaintiffs.  In the instant appeal, plaintiffs made no attempt to certify a class of property owners whose land is subject to the disputed covenant.  Having found that plaintiffs’ challenge to the disputed practice of imposing covenants is moot, we conclude that plaintiffs are in no  position to represent a class of property owners subject to the covenants.   We add that we are mindful of the parties’ citation to 
Johnson v. Du Page Airport Authority
, 268 Ill. App. 3d 409 (1994).  However, we find that this case is factually distinguishable from the instant appeal and, thus, is of no relevance in determining the issues before this court.

We are unpersuaded by plaintiffs’ initial counterargument, namely, that in cases such as the present one, where the defendant has voluntarily ceased the disputed practice, a finding of mootness is not supported.  Admittedly, in certain circumstances the defendant could voluntarily end the challenged practice and "then return to [its] old tricks once the coast is clear."  
Magnuson
, 933 F.2d at 565
.  However, when the defendants are public officials, greater stock is placed in their acts of self-corre
ction, as long as they appear genuine.  
Magnuson
, 933 F.2d at 565.

In the appeal at bar, there are no allegations by plaintiffs that defendant, a public entity, has historically gone back on its promises to terminate a specific practice.  In the above-cited motion to strike and to dismiss defendant’s cross-appeal, plaintiffs made a number of allegations regarding defendant’s continuing practice of imposing covenants similar to the one at issue here.  However, there is no indication that any of those allegations involved the reimposition of covenants which defendants had, in prior legal proceedings, voluntarily ceased to impose.  In the case at bar, we find no reason to conclude that defendant will renege on its "promise."

Again, we cite to 
Magnuson
, where the seventh circuit clearly found no evidence that defendant’s voluntary cessation of threatening notices was at all suspect.  As stated above, we find nothing in the instant case to indicate that defendant is likely to reimpose the subject covenant.

Finally, plaintiffs argue that even if the issue is moot it should be addressed under the public interest exception to the mootness doctrine.  The elements of the exception are (1) the public nature of the question; (2) the desirability of authoritatively determining the issue for the purpose of guiding public officers; and (3) the likelihood that the question will recur.  
Bonaguro v. The County Officers Electoral Board
, 158 Ill. 2d 391, 395 (1994).  The clear showing of each criterion is necessary to bring a case within the public interest exception.  
Bonaguro
, 158 Ill. 2d at 395.

It is unnecessary to go into a detailed explanation of why we do not find that the public interest exception applies in this instance.  This case clearly does not rise to the level of significance that is necessary to employ the exception.  Essentially, it is a small and isolated dispute between certain property owners and a municipality.

For the reasons stated above, we find that the issue on appeal is moot and, accordingly, dismiss the appeal.

Appeal dismissed.

GEIGER, P.J., and McLAREN, J., concur.