808 N.E.2d 576 (2004)
347 Ill. App.3d 973
283 Ill.Dec. 610
OAK GROVE JUBILEE CENTER, INC., Plaintiff-Appellant,
v.
The CITY OF GENOA, Defendant-Appellee.
No. 2-01-0938.
Appellate Court of Illinois, Second District.
April 20, 2004.
*579 Matthew J. David, David C. Gibbs III, Gibbs Law Firm, P.A., Seminole, FL, Jonathan C. Wright, Hartsburg, for Oak Grove Jubilee Center, Inc.
William P. Brady, Gallagher & Brady, Sycamore, for City of Genoa.
Justice GROMETER delivered the opinion of the court:
Plaintiff, Oak Grove Jubilee Center, Inc., appealed from an order of the circuit court of De Kalb County dismissing its action against defendant, the City of Genoa. In December 1999, plaintiff filed a complaint seeking administrative review of defendant's denial of its request for a special-use permit. Defendant moved to dismiss the case, asserting that "in Illinois, a legislative bodies' [sic] decision regarding the zoning application is not subject to administrative review by the courts." Plaintiff then amended its complaint, replacing its claim for administrative review with a direct challenge to defendant's Unified Development Ordinance and the ordinance's application to plaintiff.
Plaintiff's three-count first amended complaint alleged facial and as-applied violations of the Religious Freedom Restoration Act (Act) (775 ILCS 35/1 et seq. (West 1998)) as well as a violation of the equal protection clauses of the state and federal constitutions (Ill. Const.1970, art. I, § 2; U.S. Const., amend. XIV). The latter claim was brought pursuant to section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (1994)). Plaintiff filed a motion seeking summary judgment as to these counts. The trial court, however, did not address plaintiff's summary judgment motion and dismissed the action, sua sponte, on grounds that the trial court itself raised. Plaintiff appealed, requesting that we reverse the trial court's dismissal order and grant its motion for summary judgment. We reversed and remanded. Oak Grove Jubilee Center, Inc. v. City of Genoa, *580 331 Ill.App.3d 102, 264 Ill.Dec. 547, 770 N.E.2d 1243 (2002).
Defendant sought leave to appeal to the supreme court. Meanwhile, the supreme court issued its decision in People ex rel. Klaeren v. Village of Lisle, 202 Ill.2d 164, 269 Ill.Dec. 426, 781 N.E.2d 223 (2002). Defendant's petition for leave to appeal was denied, but the supreme court, in an exercise of its supervisory authority, remanded the cause to this court with directions that we reconsider our decision in light of Klaeren. We did, vacated our original opinion and issued another in its stead (Oak Grove Jubilee Center, Inc. v. City of Genoa, 338 Ill.App.3d 967, 273 Ill. Dec. 662, 789 N.E.2d 836 (2003)). We determined that Klaeren should not be given retroactive application in this case. Oak Grove Jubilee Center, Inc., 338 Ill. App.3d at 974-75, 273 Ill.Dec. 662, 789 N.E.2d 836.
Defendant again sought leave to appeal, and the supreme court again remanded the case to us. In a supervisory order, the supreme court directed us to vacate our opinion. It further directed, "if the appellate court intends to apply the test in Bogseth v. Emanuel, 166 Ill.2d 507, 515, 211 Ill.Dec. 505, 655 N.E.2d 888 (1995), to determine whether or not this Court's decisions are subject to retroactive or prospective application, the appellate court must consider the full test applied in Bogseth and not limit its consideration to the balance of the equities." Oak Grove Jubilee Center, Inc. v. City of Genoa, 205 Ill.2d 589, 589-90, 277 Ill.Dec. 693, 796 N.E.2d 1059 (2003). Having done so, we again conclude that, on the facts before us, Klaeren should be limited to prospective application in this case. Accordingly, we reverse and remand for further proceedings. We vacate our previous opinion (Oak Grove Jubilee Center, Inc., 338 Ill. App.3d 967, 273 Ill.Dec. 662, 789 N.E.2d 836) and issue this opinion in its place.

BACKGROUND
Plaintiff is a church and is organized as an Illinois nonprofit corporation. It is operated primarily for the purpose of engaging in religious worship and promoting spiritual development for the people residing in Genoa. The church is pastored by Reverend Bill Myers. Defendant is a municipal corporation. Plaintiff desired to operate a church at 527 West Main Street (the subject property) in the City of Genoa (the city). Plaintiff had possession of the subject property by virtue of an oral month-to-month lease. The lease has since been terminated. In the area in which the subject property is located, churches are classified as special uses by the Genoa zoning ordinance. Accordingly, plaintiff sought to obtain a special-use permit.
Plaintiff submitted an application for a special-use permit to defendant, and the city plan commission recommended that defendant grant a permit. Nevertheless, defendant denied plaintiff's application. Plaintiff challenged this denial in the trial court. Plaintiff's original complaint was one for administrative review. Defendant moved to dismiss, contending that the actions of the city council were not subject to administrative review. Plaintiff then filed an amended complaint for declaratory judgment, asserting violations of the Act and equal-protection violations. Plaintiff moved for summary judgment as to these counts.
The trial court did not rule on plaintiff's summary judgment motion. Instead, the trial court dismissed plaintiff's action. The court raised three issues, sua sponte, which it articulated as the bases for the dismissal. First, the trial court ruled that there was no indication in the application *581 for the special-use permit that plaintiff was a corporation or other entity with a capacity to sue. Second, the trial court held that there was similarly no indication that Reverend Myers had the authority to represent the church in any capacity. Finally, the trial court held that any document Myers filed on behalf of the church in the special-use proceedings was void ab initio because Myers was not licensed to practice law.

ANALYSIS
Before turning to the merits of this appeal, we note that defendant has renewed its argument that this case is moot. Defendant previously filed with this court a motion to dismiss the appeal, citing this ground. We denied the motion. Defendant bases its argument on the fact that plaintiff no longer holds an interest in the subject property, since its oral month-to-month lease was terminated. Defendant points out that the grant or denial of a special-use permit turns on "`"whether there are facts and circumstances that show that the particular use proposed at the particular location proposed would have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone."' * * * [Citations.]" (Emphasis omitted.) City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc., 196 Ill.2d 1, 22, 255 Ill.Dec. 434, 749 N.E.2d 916 (2001). Thus, defendant concludes, since plaintiff no longer has an interest in the subject property, and since the propriety of the denial of a special-use permit depends on the particular property involved, this appeal is moot.
We adhere to our prior ruling. It is well recognized that "[a]ppellate jurisdiction is contingent upon the existence of a real controversy, and where only moot questions are involved, [a] court will dismiss the appeal." Midwest Central Education Ass'n v. Illinois Educational Labor Relations Board, 277 Ill.App.3d 440, 448, 213 Ill.Dec. 894, 660 N.E.2d 151 (1995). When the resolution of an issue will have no practical effect on the existing controversy, it is moot. La Salle National Bank, N.A. v. City of Lake Forest, 297 Ill.App.3d 36, 43, 231 Ill.Dec. 651, 696 N.E.2d 1222 (1998). Matters dehors the record may be considered in determining whether a claim is moot. In re Marriage of Dowd, 214 Ill.App.3d 156, 157, 157 Ill. Dec. 894, 573 N.E.2d 312 (1991).
None of the counts set forth in plaintiff's complaint are moot. Regarding the facial challenge to defendant's zoning ordinance based on the Act, we observe that the ordinance excludes churches from locating anywhere in the city as a matter of right. If we were to find the ordinance violative of the Act, plaintiff could then locate a church anywhere it wished without seeking defendant's approval. Hence, we can order effective relief regarding this count. Similarly, plaintiff challenges the constitutionality of the ordinance on equal protection grounds. Again, if we were to hold the ordinance unconstitutional, we would be granting plaintiff effective relief. Moreover, plaintiff is seeking damages in this count; hence, even though defendant cannot be ordered to permit plaintiff to operate a church on the subject property, monetary relief for the loss of the opportunity to use the subject property in such a manner may be appropriate.
Plaintiff's as-applied challenge presents a closer question. It is true that, so far, the ordinance has been applied to plaintiff only to deny it a special-use permit for the subject property. However, the current action is one for declaratory judgement. In a declaratory judgment action, a party may seek relief where "he or *582 she pleads both facts demonstrating a protected interest that clearly falls within the ambit of the enactment and that his or her rights will be affected adversely by its enforcement." Stone v. Omnicom Cable Television of Illinois, Inc., 131 Ill.App.3d 210, 214, 86 Ill.Dec. 226, 475 N.E.2d 223 (1985). Recalling that pleadings are to be construed liberally so as to do substantial justice between the parties (A.J. Maggio Co. v. Willis, 316 Ill.App.3d 1043, 1050, 250 Ill.Dec. 376, 738 N.E.2d 592 (2000)), and further recalling that we may consider matters dehors the record (Dowd, 214 Ill. App.3d at 157, 157 Ill.Dec. 894, 573 N.E.2d 312), we conclude that this count is not moot.
First, we note that plaintiff, in the as-applied count, has pleaded that defendant has excluded plaintiff from all zoned districts within the city and has made it unlawful for the church's members to exercise their religion within the city without first seeking permission to do so. Second, plaintiff has filed an affidavit stating that it is currently conducting religious services at the house of Reverend Myers. The zoning ordinance prohibits the "[u]se of a building" in certain manners. (Emphasis added.) Genoa Municipal Code art. 5.3. Plaintiff is using Myers's house as a church. The immediate enforcement of the ordinance would prevent it from doing so. The complaint, liberally construed, encompasses the use of Myers's house as a church by alleging that the ordinance excludes plaintiff from every zoned district of the city. Hence, plaintiff is entitled to seek declaratory relief.
We will now turn to the merits of the trial court's decision. This appeal comes to us following a dismissal of plaintiff's complaint. Accordingly, we conduct de novo review. Mars, Inc. v. Heritage Builders of Effingham, Inc., 327 Ill.App.3d 346, 350, 261 Ill.Dec. 458, 763 N.E.2d 428 (2002).
Plaintiff first argues that the manner in which the trial court dismissed its complaint violated due process. While plaintiff's summary judgment motion was pending, the trial court dismissed the complaint sua sponte. Plaintiff was given neither notice nor an opportunity to be heard on the issues upon which the trial court based its dismissal. In People v. Kitchen, 189 Ill.2d 424, 434-35, 244 Ill.Dec. 890, 727 N.E.2d 189 (1999), our supreme court vacated an order of a trial court denying a criminal defendant's petition for postconviction relief. The order was vacated because "[t]he decision to deny the petition was made without notice to the parties and without the benefit of argument from either defendant or the State." Kitchen, 189 Ill.2d at 435, 244 Ill.Dec. 890, 727 N.E.2d 189. In Peterson v. Randhava, 313 Ill.App.3d 1, 11-12, 246 Ill.Dec. 75, 729 N.E.2d 75 (2000), the trial court granted summary judgment sua sponte. Peterson, 313 Ill.App.3d at 11-12, 246 Ill.Dec. 75, 729 N.E.2d 75. The Peterson court observed that proceeding in this manner "not only may waste judicial resources, through producing unnecessary appeals and remands that may have been avoided, but it deprives the plaintiff of an opportunity to conduct discovery on the relevant issues, present evidence and argue against dismissal." Peterson, 313 Ill.App.3d at 12, 246 Ill.Dec. 75, 729 N.E.2d 75. We face a similar situation here. The trial court clearly erred by dismissing plaintiff's complaint in this manner. We could reverse and remand on this ground alone. However, we see little point in remanding solely on this basis. The parties have fully briefed the merits of the trial court's decision, and we will address them.
As a preliminary matter, the parties disagree as to whether the grant or denial of *583 a special-use permit constitutes a legislative or administrative act. Until recently, it had been well settled that, under Illinois law, a legislative body's action on a special-use-permit application constituted a legislative act. Chicago Heights, 196 Ill.2d at 14, 255 Ill.Dec. 434, 749 N.E.2d 916; see also Kotrich v. County of Du Page, 19 Ill.2d 181, 182-83, 166 N.E.2d 601 (1960). As recently as 2001, our supreme court continued to adhere to this rule (Chicago Heights, 196 Ill.2d at 16, 255 Ill.Dec. 434, 749 N.E.2d 916) while acknowledging that "the clear weight of authority in the United States holds that a legislative body acts administratively when it rules on applications for special use permits" (Chicago Heights, 196 Ill.2d at 14, 255 Ill.Dec. 434, 749 N.E.2d 916). At the time plaintiff sought its special-use permit and initiated the instant action, the traditional rule was still intact. A municipality's action on a special-use permit was considered legislative action.
However, in 2002, over 2½ years after plaintiff filed its amended complaint and about 1½ years after the trial court dismissed plaintiff's cause, the supreme court abandoned the traditional rule. The court held that "municipal bodies act in administrative or quasi-judicial capacities when those bodies conduct zoning hearings concerning a special use petition." Klaeren, 202 Ill.2d at 183, 269 Ill.Dec. 426, 781 N.E.2d 223. The court went on to expressly overrule prior decisions holding to the contrary. Klaeren, 202 Ill.2d at 183, 269 Ill.Dec. 426, 781 N.E.2d 223. Thus, if we were to apply Klaeren to the instant case, we would be compelled to hold that defendant acted in an administrative capacity in passing on plaintiff's application for a special-use permit.[1] However, we decline to so hold, for we believe that Klaeren should not be given retroactive application in the present case.
In the civil context, opinions are usually presumed to be given both retroactive and prospective effect. Aleckson v. Village of Round Lake Park, 176 Ill.2d 82, 86, 223 Ill.Dec. 451, 679 N.E.2d 1224 (1997). However, this presumption can be overcome in two ways. The court that issued the opinion may state that the opinion will be limited to prospective application. Aleckson, 176 Ill.2d at 86, 223 Ill.Dec. 451, 679 N.E.2d 1224. Alternatively, a later court may, in appropriate circumstances, decline to apply the previous opinion retroactively. Aleckson, 176 Ill.2d at 86, 223 Ill.Dec. 451, 679 N.E.2d 1224. In the latter case, the following considerations are relevant. A case may be limited to prospective application if it either overrules clear past precedent or decides an issue of first impression that was not clearly foreshadowed. Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. If the case falls within either category, the decision as to whether it will be applied prospectively turns on whether, "given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities." Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. It is within the power of this court to limit a ruling of the supreme court in this manner. See Aleckson, 176 Ill.2d at 89, 223 Ill.Dec. 451, 679 N.E.2d 1224.
Moreover, a decision may be limited in unique cases to prospective application *584 even though it is given retroactive application generally. Aleckson, 176 Ill.2d at 86, 223 Ill.Dec. 451, 679 N.E.2d 1224 ("[A] later court may, under certain circumstances, override the presumption by declining to give the previous opinion retroactive effect, at least with respect to the parties appearing before the later court" (emphasis added)). This principle follows rather naturally from the fact that one factor of the test set forth in Bogseth concerns the balance of the equities. Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. Obviously, the equities may vary from case to case, and, given the unique procedural or factual history of a particular case, it may be inequitable to apply a decision retroactively that is otherwise given unlimited application. The instant case is one such situation, and our holding here is limited to the facts of this case.
Defendant first argues that the issue of whether Klaeren should be limited to prospective application has already been resolved, by both the supreme court and this court. Defendant notes that the supreme court denied a petition for rehearing in Klaeren that specifically requested that the decision be limited to prospective application. Defendant asserts, quoting Aleckson, that the denial of such a petition constitutes "an express statement concerning [the decision's] retroactive effect." Aleckson, 176 Ill.2d at 90, 223 Ill.Dec. 451, 679 N.E.2d 1224. We note that the supreme court was there distinguishing a case from the situation in Aleckson, and its discussion of the proposition upon which defendant relies is less than enthusiastic. It stated that the earlier case "contained what this court considered an express statement concerning its retroactive effect, namely, our denial of the petition for rehearing which specifically requested that the decision be given prospective effect." Aleckson, 176 Ill.2d at 90, 223 Ill.Dec. 451, 679 N.E.2d 1224. More importantly, the current mandate of the supreme court remanding this cause to this court expressly contemplates the application of Bogseth to determine whether Klaeren should be applied retroactively in this case.
Defendant also contends that this court determined in Gallik v. County of Lake, 335 Ill.App.3d 325, 269 Ill.Dec. 725, 781 N.E.2d 522 (2002), that Klaeren should be given retroactive effect. In Gallik, the court extended Klaeren's rule to cases arising under the Counties Code (55 ILCS 5/1-1001 et seq. (West 2000)), holding that a county's denial of a conditional-use permit is an administrative act. Gallik, 335 Ill.App.3d at 332, 269 Ill.Dec. 725, 781 N.E.2d 522. The pages of Gallik cited by defendant say nothing about whether Klaeren should be applied retroactively. See Gallik, 335 Ill.App.3d at 329-30, 269 Ill.Dec. 725, 781 N.E.2d 522. Moreover, later in the opinion, the court briefly considered whether Gallik should be limited to prospective application. The court ultimately declined to address the issue, because the argument had not been properly raised. Gallik, 335 Ill.App.3d at 332, 269 Ill.Dec. 725, 781 N.E.2d 522. We fail to see how defendant reads Gallik as saying anything about the retroactive application of Klaeren.
Having determined that the issue has not been foreclosed by the supreme court or already determined by this court, we now turn to the test set out in Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888, to determine whether Klaeren should be limited to prospective application as it relates to the case before us (see Aleckson, 176 Ill.2d at 86, 223 Ill.Dec. 451, 679 N.E.2d 1224). The first factor to consider is whether the new case either overrules clear past precedent or decides an issue of first impression that was not clearly foreshadowed. Bogseth, 166 Ill.2d at 515, 211 *585 Ill.Dec. 505, 655 N.E.2d 888. Klaeren overrules clear past precedent. It had long been the law of this state that a legislative body's action on a special-use permit was a legislative, rather than administrative, act. Chicago Heights, 196 Ill.2d at 14, 255 Ill.Dec. 434, 749 N.E.2d 916; see, e.g., Kotrich, 19 Ill.2d at 182-83, 166 N.E.2d 601; Hahnenkamp v. Madison County, 183 Ill.App.3d 76, 89, 131 Ill.Dec. 648, 538 N.E.2d 1204 (1989); American National Bank & Trust Co. of Rockford v. City of Rockford, 55 Ill.App.3d 806, 810, 13 Ill.Dec. 620, 371 N.E.2d 337 (1977). In fact, in Chicago Heights, which was decided the year before Klaeren, the supreme court, while acknowledging that the weight of authority in the Untied States holds that such actions are administrative, expressly declined to disturb the traditional rule of this state. Chicago Heights, 196 Ill.2d at 14-16, 255 Ill.Dec. 434, 749 N.E.2d 916.
Defendant attempts to controvert the proposition that the law before the issuance of Klaeren constituted clear past precedent. Defendant points out that in Chicago Heights, the supreme court observed that the view that a legislative body's action on a special-use permit was legislative rather than administrative constituted a minority position in this country. Chicago Heights, 196 Ill.2d at 14, 255 Ill. Dec. 434, 749 N.E.2d 916. Indeed, the court stated that "there is considerable force to the view that the decision of a legislative body to grant or deny an application for a special use permit, whether made by a county or municipality, should be viewed as an administrative act." Chicago Heights, 196 Ill.2d at 15, 255 Ill.Dec. 434, 749 N.E.2d 916. Moreover, as defendant notes, over 20 years ago, this court "suggested that * * * the General Assembly has indicated a desire to treat the application process for a special use permit as an administrative function, at least with respect to municipalities." Chicago Heights, 196 Ill.2d at 15, 255 Ill.Dec. 434, 749 N.E.2d 916, citing Geneva Residential Ass'n v. City of Geneva, 77 Ill.App.3d 744, 34 Ill.Dec. 177, 397 N.E.2d 849 (1979).
While Chicago Heights certainly did reveal a willingness on the part of the supreme court to abandon the former rule, we do not believe that it made the former rule any less clear vis-a-vis informing a plaintiff of the steps necessary to challenge a municipality's action on a special-use permit. Quite simply, before Klaeren, a plaintiff was left with no choice but to file an action for a declaratory judgment because a decision on a special-use permit was still considered a legislative action. An action for administrative review would have been subject to a motion to dismiss, like the one filed by defendant in the instant case that caused plaintiff to amend its complaint. Chicago Heights, whatever it intimated about the future, expressly left the former rule intact. Chicago Heights, 196 Ill.2d at 16, 255 Ill.Dec. 434, 749 N.E.2d 916. Moreover, Chicago Heights was not decided until March 22, 2001, almost a year after plaintiff filed its amended complaint. At the time plaintiff brought this action, Chicago Heights had not been decided and could not have put plaintiff on notice that the future viability of the former rule was questionable, so plaintiff's reliance upon the former rule was understandable. See Elg v. Whittington, 119 Ill.2d 344, 357, 116 Ill.Dec. 252, 518 N.E.2d 1232 (1987) ("Moreover, this court has stated that a new rule or decision will be given prospective operation whenever injustice or hardship due to justifiable reliance on the overruled decisions would thereby be averted"); Larrance v. Human Rights Comm'n, 166 Ill.App.3d 224, 230, 117 Ill.Dec. 36, 519 N.E.2d 1203 (1988) ("Reliance is a factor to be considered").
*586 Regarding Geneva Residential Ass'n, 77 Ill.App.3d at 752-56, 34 Ill.Dec. 177, 397 N.E.2d 849, we note that, while it did suggest that the General Assembly intended that proceedings on a special-use application be treated as administrative (Chicago Heights, 196 Ill.2d at 15-16, 255 Ill.Dec. 434, 749 N.E.2d 916), a long and well-established line of cases existed that stated that such proceedings were legislative in nature (see, e.g., Kotrich, 19 Ill.2d at 182-83, 166 N.E.2d 601; Hahnenkamp, 183 Ill.App.3d at 89, 131 Ill.Dec. 648, 538 N.E.2d 1204; American National Bank & Trust Co. of Rockford, 55 Ill.App.3d at 810, 13 Ill.Dec. 620, 371 N.E.2d 337;). At most, Geneva Residential Ass'n, was an anomaly in a sea of cases holding to the contrary that were not disturbed until Klaeren was decided. We cannot say that this one case sufficiently undermined the notion that actions on special-use permits were legislative such that the former rule was not clear. Klaeren expressly overruled this former precedent. Klaeren, 202 Ill.2d at 183, 269 Ill.Dec. 426, 781 N.E.2d 223 ("To the extent any prior decisions of this court hold the contrary to be true, we now expressly overrule those decisions"). Accordingly, the first prong of the test set forth in Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888, is satisfied.
We next must consider whether, "given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application." Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. We conclude that limiting Klaeren to prospective application in the instant case will do neither. Initially, we note that, because our decision is limited to the facts of this case, it will in no way retard or promote the operation of the rule announced in Klaeren. See Aleckson, 176 Ill.2d at 93, 223 Ill.Dec. 451, 679 N.E.2d 1224 ("Therefore, the nonretroactive application was expressly limited to the facts of the case and could not have `retarded' the future operation of Mueller [v. Board of Fire & Police Commissioners, 267 Ill. App.3d 726, 205 Ill.Dec. 304, 643 N.E.2d 255 (1994) ]"). Moreover, applying Klaeren in the present case would in no way further its purpose. Klaeren extended, as a matter of due process, certain procedural rights to property owners affected by the grant or denial of a special-use permit. Klaeren, 202 Ill.2d at 183, 269 Ill.Dec. 426, 781 N.E.2d 223. Defendant is a municipality; hence, it is not within the class that Klaeren is intended to protect. See Klaeren, 202 Ill.2d at 183, 269 Ill.Dec. 426, 781 N.E.2d 223. Furthermore, as a municipality, it has no due process rights. East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel, 178 Ill.2d 399, 413, 227 Ill.Dec. 568, 687 N.E.2d 1050 (1997); Village of Riverwoods v. Department of Transportation, 77 Ill.2d 130, 136, 32 Ill.Dec. 325, 395 N.E.2d 555 (1979); E & E Hauling, Inc. v. Pollution Control Board, 116 Ill.App.3d 586, 595, 71 Ill.Dec. 587, 451 N.E.2d 555 (1983). Limiting Klaeren to prospective application in this case will in no way retard or promote its operation.
Finally, we come to the equities prong of the test set forth in Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888, which is the balance of the equities. While the purpose prong of the test pointed in neither direction, the equities strongly favor limiting Klaeren's application in the present case. Regarding the equities, defendant points out that plaintiff's original complaint was one for administrative review. It then poses the question, "How can it be said that plaintiff relied on the legislative nature of Genoa's proceedings, or that it would be inequitable to give Klaeren retroactive application?" The answer to this question is not difficult. Although *587 plaintiff initiated this case as one for administrative review, it amended its complaint when defendant moved to dismiss. In its motion to dismiss, defendant argued that, "in Illinois, a legislative bodies' [sic] decision regarding the zoning application is not subject to administrative review by the courts." Thus, by relying on the legislative nature of the proceedings, defendant caused plaintiff to abandon its initial theory. Defendant now wishes to end this case due to the administrative nature of the proceedings. Such a result would work a grave inequity to plaintiff by denying it a hearing on the merits simply because plaintiff followed the law as it existed at the time it filed its complaint. See Aleckson, 176 Ill.2d at 94, 223 Ill.Dec. 451, 679 N.E.2d 1224 ("In this case, the effect of a retroactive application of Mueller would be that plaintiffs' lawsuit is time-barred. More important, such an application would deprive plaintiffs of any remedy whatsoever due to a superseding legal doctrine that was unforeseeable"). In effect, applying Klaeren would allow defendant to prevail by taking inconsistent positions regarding the procedures plaintiff was required to follow, which would be inequitable. Cf. Johnson v. Du Page Airport Authority, 268 Ill.App.3d 409, 416, 206 Ill.Dec. 34, 644 N.E.2d 802 (1994) (applying the equitable doctrine of judicial estoppel).
While the prejudice suffered by plaintiff would be great, defendant identifies no way in which declining to apply Klaeren retroactively in the present case unfairly prejudices it. In fact, defendant likely had been operating in the context of the former rule during its entire existence. Defendant complains that it should not be exposed to potential liability and forced to bear the costs of defending this suit where its action is being mischaracterized as legislative. This complaint amounts to nothing more than blatant question-begging, as it assumes that classifying defendant's action in this case as legislative is a mischaracterization. It is not. At all times relevant to the action belowthe time plaintiff sought a special-use permit, the time plaintiff instituted this action, and the time it amended its complainta municipality's action on a special-use permit was considered legislative. Only by the mere fortuity that Klaeren was subsequently decided is defendant able to attempt to argue that the trial court's order dismissing this case should be affirmed. In short, we fail to see how applying the law as it existed at the time the events that spawned these proceedings occurred unfairly prejudices defendant, especially where defendant relied on that law in an earlier motion to dismiss that succeeded in causing plaintiff to alter its theory.
Accordingly, having considered the test set forth in Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888, we hold that Klaeren should not be applied retroactively in the instant case. Klaeren overruled clear past precedent. Limiting it in this case will neither promote nor retard its purpose. Most significantly, giving it retroactive application here would severely prejudice plaintiff, while failing to do so does not prejudice defendant whatsoever. We expressly limit our holding on this issue to the facts of this case, and we will apply the traditional rule in assessing the propriety of the trial court's decision to dismiss plaintiff's cause.
The first basis upon which the trial court relied in dismissing this case was that there was no indication in the application for the special-use permit that plaintiff was a corporation or other entity with a capacity to sue. In support of this proposition, the trial court cited Alton Evening Telegraph v. Doak, 11 Ill.App.3d 381, 296 N.E.2d 605 (1973). However, that *588 case involved a suit brought in a circuit court. Alton Evening Telegraph, 11 Ill. App.3d at 382, 296 N.E.2d 605. While the case does stand for the proposition that a plaintiff must be a natural or artificial entity having the capacity to sue in order to bring an action, it says nothing regarding whether one must have that capacity in order to seek a legislative enactment. See Alton Evening Telegraph, 11 Ill.App.3d at 382, 296 N.E.2d 605. Alton Evening Telegraph provides no support for the trial court's position. We are unaware of any rule and have located no authority that imposes such a requirement upon an entity petitioning for a legislative enactment. Moreover, even if we were to apply Klaeren here, we note that plaintiff is, in fact, a nonprofit corporation. The omission of this information from the special-use permit application would constitute nothing more than an unobjected-to pleading error, even if an entity were required to have legal capacity to sue in order to seek such a permit. Hence, we conclude that the trial court erred in dismissing plaintiff's complaint on this basis.
The trial court articulated as its second basis for dismissing plaintiff's complaint that there was no indication in the record that Myers, who filed the application on the church's behalf, and plaintiff were one and the same entity or that Myers had any authority to represent plaintiff. The trial court cited no authority supporting the proposition that these purported deficiencies constitute grounds for dismissal. Again, we are unaware of any rule imposing any such requirements on an entity seeking a legislative enactment. The trial court also stated that defendant was unaware it was dealing with a corporation during the special-use proceedings. We do not see the relevance of this observation. The trial court erred in dismissing plaintiff's complaint on these bases.
The final basis relied upon by the trial court in dismissing plaintiff's complaint was that Myers was not licensed to practice law and thus could not represent the church in a legal proceeding. It is true that any legal document filed by a nonlawyer on behalf of another in a judicial or administrative proceeding is void ab initio. See Blue v. People, 223 Ill.App.3d 594, 596, 165 Ill.Dec. 894, 585 N.E.2d 625 (1992); Janiczek v. Dover Management Co., 134 Ill.App.3d 543, 545, 89 Ill.Dec. 673, 481 N.E.2d 25 (1985). However, in the present case, we are dealing with a legislative proceeding. What Myers was doing in seeking a legislative enactment is akin to lobbying. In Kavanagh v. County of Will, 293 Ill.App.3d 880, 885, 228 Ill. Dec. 427, 689 N.E.2d 299 (1997), the court expressly distinguished between lobbying and the practice of law. Other jurisdictions have drawn the same distinction. See Legal Aid Society v. Legal Services Corp., 145 F.3d 1017, 1029 (9th Cir.1998); Attorney Grievance Comm'n v. Bereano, 357 Md. 321, 341-42, 744 A.2d 35, 46 (2000); Reilly v. Ozzard, 33 N.J. 529, 544, 166 A.2d 360, 367 (1960) ("Lobbying is not a part of the practice of law"). Therefore, we conclude that Myers's petitioning for a legislative enactment did not constitute the practice of law. As such, there was no need for him to be licensed, and the documents he filed were not void. We further note that plaintiff is a corporation and has been represented by counsel since the filing of the complaint in the instant case. The trial court erred in dismissing plaintiff's complaint on this basis as well. Finally, as we have declined to apply Klaeren here, we expressly do not decide whether this argument or the former ones advanced by defendant would be meritorious were we to consider the proceeding in the instant case to be administrative or quasi-judicial.
*589 We note that defendant briefly argues that plaintiff failed to exhaust its local remedies before resorting to the court system. See Reilly v. City of Chicago, 24 Ill.2d 348, 349, 181 N.E.2d 175 (1962). However, this argument is predicated upon the premise that the application for the special-use permit filed by Myers was void. We have already rejected this premise; hence, defendant's exhaustion argument has no merit. Defendant also argues that, even if the proceedings before the city council were legislative, the proceedings before the city plan commission were administrative. We reject this argument as well. As noted above, Chicago Heights, 196 Ill.2d at 13-16, 255 Ill.Dec. 434, 749 N.E.2d 916, expressly left intact the body of law that holds that an action on an application for a special-use permit is legislative.
Finally, we must reject plaintiff's request that we consider its motion for summary judgment, upon which the trial court did not pass. It is true, as plaintiff points out, that Supreme Court Rule 366(a)(5) vests us with the power to enter any order that a trial court can enter. 155 Ill.2d R. 366(a)(5). However, in Swieton v. City of Chicago, 129 Ill. App.3d 379, 385, 84 Ill.Dec. 543, 472 N.E.2d 503 (1984), the appellate court declined to rule on a motion for summary judgment upon which the trial court had not ruled because it was unclear from the record whether defendant had received an adequate opportunity to respond. See also Arthur Rubloff & Co. v. Leaf, 347 Ill.App. 191, 197, 106 N.E.2d 735 (1952). In the present case, we find similar compelling reasons to decline to address plaintiff's summary judgment motion. First, we note that defendant filed a motion to strike an exhibit plaintiff submitted in support of the summary judgment motion. We find no ruling on this motion nor do we find any response from plaintiff. Second, although plaintiff represents that the motion has been fully briefed and argued, we find in the record no report of proceedings containing any such argument. Normally, we construe such omissions against the appellant, which is plaintiff in this case. See Foutch v. O'Bryant, 99 Ill.2d 389, 392, 76 Ill.Dec. 823, 459 N.E.2d 958 (1984). Even assuming that defendant was able to argue the motion fully, we are unaware of what those arguments were. Third, even if we did address the summary judgment motion, we would still have to remand this cause. Plaintiff seeks both damages and the costs of the litigation. Damages and costs raise evidentiary issues and will likely necessitate further evidentiary hearings. Accordingly, we decline to address plaintiff's motion for summary judgment.

CONCLUSION
For the foregoing reasons, we reverse the order of the circuit court of De Kalb County dismissing the instant action and remand the cause for further proceedings.
Reversed and remanded.
McLAREN and BOWMAN, JJ., concur.
NOTES
[1] Whether this alone would be sufficient for defendant to prevail presents another question, for the trial court's ruling raises additional issues, as do some of plaintiff's alternate arguments. Classifying the proceeding as administrative or legislative is a threshold matter.